NEW-YORK, May, 1814.

ARMSTRONG v. MASTEN.

## ARMSTRONG *against* MASTEN.

THIS was an action of covenant. The plaintiff declared on a covenant in a lease, dated the 1st of *May*, 1803, of premises in *Rhinebeck*, for the term of 9 years; and assigned as a breach that the defendant did not repair, &c. The defendant pleaded *non est factum*, with notice of the special matter to be given in evidence, as a defence and a bar to the action. The cause was tried before Mr. Justice *Spencer*, at the *Dutchess* circuit, in *November*, 1813.

The plaintiff produced and proved the lease, and offered to prove that the demised premises were not repaired, &c. according to the tenor and effect of the covenant of the defendant in the lease. The defendant gave in evidence an agreement, or submission in writing, under the hands and seals of the parties, dated the 5th of *May*, 1812, reciting an agreement as to the repairs of a certain grist mill and saw mill, the property of the

*Where an award creates a new duty, instead of that which was in controversy, the party has his remedy, on the award, and cannot resort to the original cause of action; for the award is a good bar to that action. In pleading an award in bar to an action, it is not necessary to aver a performance of the thing awarded, where the award is valid.*

plaintiff; and the parties agreed and covenanted, within twenty days, respectively to choose an arbitrator, who should, within twenty days after their nomination, meet at the said mill, and there adjust the amount in money of the repairs to be made by the defendant, and of all other things appertaining thereto, which amount the defendant agreed to pay to the plaintiff, within ten days from the time of such adjustment, &c. and in case the arbitrators did not agree, they were to elect a third, and that their award should be final and conclusive on the parties. By an endorsement on this agreement, each of the parties nominated an arbitrator to carry it into effect.

The defendant also proved and gave in evidence an award reciting the submission, and that the two arbitrators named had elected a third arbitrator, in case of disagreement, and that they had met and fully examined the matters submitted, &c. and awarded that the defendant pay to the plaintiff the sum of 250 dollars, &c. The award was dated the 2d of *June*, 1812, under the hands and seals of the three arbitrators. The plaintiff knew of the award being made a few days after it was declared.

The defendant insisted that the award was a bar to the present suit; but the plaintiff objected that it was not a bar, unless pleaded with an averment of the performance of the award, and such performance proved at the trial. The judge reserved the point, and after the evidence was closed, the jury found a verdict for the plaintiff for 250 dollars, subject to the opinion of the court, on a case as above stated.

The cause was submitted to the court without argument.

*Per Curiam.* The submission and award is a bar to this action. There were some distinctions formerly made in the manner of pleading an award, with respect to the necessity of awarding a performance of the thing awarded. In the case of *Freeman* v. *Barnard*, (1 *Ld. Raym.* 247, 248.) Lord *Holt* said, " where an award creates a new duty, instead of that which was in controversy, the party has a remedy for it upon the award; therefore, if a party resort to demand that which was referred and submitted, the arbitrament is a good bar against such action. Contra: where the award does not create a new duty, but only extinguishes the old duty by a release of the action." This case is also reported in *Salk.* 69. and 12 *Mod.* 130. The

distinction which formerly prevailed, was between the cases of
verbal submission, and a submission by bond. When the sub-
mission was by bond, the award always was considered a bar,
even before performance; because the party had his remedy to
enforce performance. But before it was settled that *assumpsit*
would lie upon mutual promises, it was held, when the submis-
sion was not by deed, that the party was bound, in pleading, to
allege performance of the award. At this day, these distinc-
tions no longer exist, and there is scarcely a case that can now
arise, where it is requisite for the defendant, in pleading an
award in bar of an action, to allege performance. This doc-
trine is settled, and illustrated in the cases already cited, and in
the cases of *Parsloe* v. *Bailey*, (1 Salk. 76.) *Allen* v. *Harris*,
(1 Ld. Raym. 122.) and *Case* v. *Barber*, (T. Raym. 450.)

Judgment for the defendant.