Opinion of the court delivered by
Judge Peck.
The only question in this case is, whether a partial indemnity against a future liability, as the endorser of a promissory note,is sufficient, of itself, to dispense with demand of the maker, and due notice to such endorser? If it is, by the agreed case, judgment must be rendered against Napier, (the endorser) — if not the judgment must be for him. ■
The case relied on for the affirmative of the proposition, is that of Bond et. al. vs. Farnham, (5th Mass. Rep. 170.) In that case the endorser took a lien on all the estate the maker of the note possessed; and, because, in the opinion of the court,notice could not have availed him in securing funds, it was dispensed with, and judgment rendered against the endorser. But that case is predicated solely upon the supposition that notice could avail noth *200 ing. The general rule is, that due notice is a pre-requi-site to a recovery in an action by the endorsee against the endorser, 9 John. Rep. 121,. Peck’s Rep. 183.
Win. L. Brown, for the plaintiff in error, Brunson.
G. S. Yerger, for the defendant in error, Napier.
Insolvency or bankruptcy of the maker will not be held a.plea to dispense with notice, 2'Caine’s Rep. 343. Chitty on bills 210, 212, 226. 3 Barnwell and Aid. 623. 11 East 114. 11 Vesey 412. 11 John. 189.
The case in' Massachusetts stands alone. We should be cautious in making exceptions to general rules, especially, when we consider how close an adherence to them, courts, in countries more commercial than ours, have observed. At first view it did seem plausible enough, that because Napier had acted with a view to his own indemnity, and had been, himself, the judge of what was sufficient, that it was reasonable he should be held responsible. But the facts agreed show, that all the means put into his hands, have been exhausted; that, besides the present demand, Napier is loser; that Reed, the maker of the note,'had funds at the time of his failure to pay. Under these circumstances, to make Napier liable would be an act of injustice, Brunson having failed to perform what was incumbent on him, (to wit,) giving his endorser notice in due time. Let there be judgment for the defendant, Napier.