## THE STATE v. PHILLIPS.

1. A writ of *venire facias* to summon a grand jury, directed " to any sheriff of the State of Alabama," if received, executed, and returned by the proper sheriff will be good.

Error to the Circuit Court of Madison County.

THE defendant was indicted in the Circuit Court of Madison County, for the murder of James Still, and found guilty by the jury. Previous to the sentence of condemnation, the prisoner moved in arrest of judgment, because the writ of *venire*, which issued to the sheriff to summon the grand jury, was, by the clerk, directed to " any sheriff of the State of Alabama." The writ was returned executed, by the sheriff of Madison County. The Court refused to arrest the judgment, but reserved the point for the revision of this Court, as one of novelty and difficulty.

HOPKINS & PHELAN, for the defendant, cited, 2 Porter 162 ; 1 Bro. & Bing. 12 ; 1 Chitty's Rep. 374 ; 3 East. 128 ; State v. Stedman, 7 Porter 495 ; 18 Johns. 212 , 3 Johns. cases 265; 21 Vin. ab. 272, 295 ; 2 Porter 169 ; 1 Hale 475 ; 59 Foster 411, 12 ; 1 East. 310 ; 14 East 289 ; Cowper 65 ; Archbold Pl. 330 ; 4 Aik. Dig. 296, 624 ; Stephens' Criminal law, 186.

THE ATTONREY-GENERAL & CAMPBELL, contra, cited 2 Hawkins 561 ; 3 Missouri Rep. 68 ; 1 Windell 117 ; 1 Chitty's Crim. law 308, 507 ; 1 Howard's Rep. 253 ; 3 ibid. 28 ; Cro. Jam. 528 ; 3 Stewart's Rep. 454.

ORMOND, J.—By an act of the Mississippi Territory passed in 1807, it was provided that there shall be drawn by the clerk and sheriff of the Superior Courts within this territory, in open Court, one by one after the same are shaken together, thirty six jurors, which shall be entered on the minutes of the Court; and the clerk shall issue a *venire facias* for the jurors so drawn,

24

returnable to the next term of said Court, and it shall be the duty of the sheriff," &c. [Aik. Dig. 296.]

From this citation, it is very clear that the Legislature required a writ of *venire facias*, to be issued by the clerk, for the purpose of summoning persons to compose the grand and petit jury; and it is therefore, wholly unnecessary to enquire how this matter stood at common law, as it is made necessary by the law just cited, and cannot, therefore, be disregarded.

It is however insisted, that this law has been repealed by the act to alter the mode of selecting grand jurors, passed Jan. 8th, 1836. The first section of the act provides, that the clerk of the Circuit Court, and sheriff, under the superintendence and inspection of the Judge of the County Court, shall select, from the whole number of persons qualified to serve on juries, twenty-four persons, best qualified in their opinion, to serve on the grand jury, which persons selected as aforesaid, shall be summoned by the sheriff, to serve as grand jurors, at least thirty days before the sitting of the Court. The second section repeals " so much of the existing law as requires grand jurors to be drawn by lot." (Aik. Dig. 624.)

No good reason is perceived why a writ of *venire facias* should issue to the sheriff, commanding him to summon persons as jurors whom he had himself selected, and whom he was by law required to summon. Whether this is a repeal of that portion of the act of 1807, which directs the clerk to issue a writ of *venire facias*, is not necessary now to be determined; because we are of opinion that the *venire* in this case is sufficient.

Conceding then, that a writ of *venire facias* should be issued by the clerk, the one issued in this case is sufficient? It is contended that it is bad, because improperly directed. That being .directed "to any sheriff of the State" is improper, because no sheriff but the one in which the writ issued, could execute it. If it is very certain that, if the writ had been directed to the sheriff of any other County, than the one in which the writ issued, or, if any sheriff but the proper one had executed it, it would have been erroneous; but that is not this case. The direction to *any sheriff* of the State, must include the sheriff

of Madison; and as he received and executed it, we must intend that it was issued to him, the more especially, as it could not legally issue to any other sheriff, and it would be a violent presumption, that any other sheriff was intended.   It is worthy of observation, that the law does not require the writ to be *directed* to the sheriff.   It requires the clerk to issue it, and the sheriff to summon the jurors.   We do not, however, lay much stress on this circumstance, although it is sufficient to show that, in the opinion of the legislature, the direction of the writ is not very material.

In the State v. Stedman, 7 Porter 495, the objection taken, was the precise converse of the proposition contended for in this case, as it was then insisted that the *venire facias* was bad, because not directed " to any sheriff of the State of Alabama."

This Court then held that the acts of 1836, did not apply to the writ of *venire facias*.   But it does not follow from that decision, that such a direction was bad, or that any direction at all was necessary.   Our opinion in this case is, that the writ was in effect directed to the sheriff of Madison, and being received, executed, and returned by him, it was sufficient.

This view of the subject, dispenses with the necessity of considering the question, whether under our statute law, the *venire* can be considered a part of the record, so as to be reached by a motion in arrest of judgment, and whether the objection should not have been taken by plea in abatement.

The judgment of the Court below is therefore affirmed,