EDWARD L. HOWETT, Plaintiff in Error, *v.* JAMES MONICAL, Defendant in Error.

ERROR TO CLAY.

Where an award is made, which does not change the original liability, nor award any new thing to be done, but only ascertains a sum due upon a mortgage, and extends the time for payment, the original cause of action will not be extinguished.

THIS was a bill filed by plaintiff in error to foreclose a mortgage.

The bill sets out a note and mortgage executed by defendant to plaintiff.

Alleges that on June 10, 1859, the parties submitted all their matters, including partnership and individual dealings, to arbitrators.

That said arbitrators awarded, among other things, as follows : " We further award that the said James Monical shall

pay and discharge the said note and mortgage to the said Howett, on the first day of October, 1859, fully and completely, according to their tenor and effect."

Alleges that such time has elapsed, and the note and mortgage are not paid.

Defendant filed a demurrer to this bill, which was sustained by the court, and the bill dismissed.

Plaintiff assigns for error—sustaining the demurrer, and dismissing the bill.

E. BEECHER, for Plaintiff in Error.

W. B. COOPER, for Defendant in Error.

BREESE, J.   That courts will not aid attempts to try over again matters once tried and determined by a tribunal chosen by the parties in conformity to their mutual agreement, seems to be the foundation for the rule here insisted upon, that an award merges the original cause of action, leaving no other remedy but by an action on the award.   So it is where a judgment of a court has been had on a cause of action, that cause can never again be tried, but the remedy is on the judgment alone.   The reason is, that by a judgment or by an award, new duties or rights are created, changing the original liability.   It would seem therefore, if no new duty or right be created by an award, and no change of liability thereby, there would be no merger of the original cause of action, and the party might select either remedy.   And this seems to be the doctrine of the books and of the cases cited.   It was formerly considered that when the submission was not under seal, no action could be maintained on an award directing the doing any thing but the payment of money, for a plaintiff had no means of compelling performance, and such an award was therefore no bar to an action for the original matters in dispute until the defendant had performed what the award directed.   But since it has been decided that an action of assumpsit lies on the award under such a submission, it has been held that whenever the award gives a new duty in lieu of the former, or awards any collateral matter in satisfaction of the debt or grievance, it may be pleaded in bar without any averment of performance.

Russel in his treatise on arbitration says that the modern doctrine seems to be, if an action be brought for a debt, whether the form be debt or assumpsit, an award respecting the claim, ascertaining the amount of the debt and directing payment, cannot be pleaded in bar to the action without alleging performance,

for the money until paid is due in respect of the original debt. Russel on power and duty of Arbitrators, etc., 367.

. But he says if the claim be of a different nature, as for example, to have goods delivered, and the award direct payment in satisfaction of the demand, the right to have the goods seems to be gone, and the only right remaining is the substituted right to have the money awarded.

So if the demand be for a debt, and the award direct not payment in money but payment in a collateral way, as by delivery of goods or performance of work, it seems the right to have payment in money is extinguished. *Freeman* v. *Bernard,* 1 Salkeld, 69 ; *Armstrong* v. *Newton,* 11 Johns. 189 ; *Brazell* v. *Isham,* 1 E. D. Smith, 437.

Here the award did not change the original liability under the mortgage, nor award any new or collateral things to be done, but only ascertained the sum due on the mortgage and extended the time of payment, and did not therefore, extinguish the original cause of action.

As to the equity of the case, it seems clearly with the plaintiff. The fund exists out of which the money was to be made, and the arbitrators award that it shall be paid out of it at a certain time. About this, there was no dispute or controversy between the parties. It is more concordant to the principles of equity that this fund should be resorted to, rather than the property of the securities on the bond of submission, who might be unable to reimburse themselves out of other property of the defendant. The justice and law of the case is manifestly with the plaintiff. The decree is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*