# WINTER vs. COXE.

[ACTION ON PROMISSORY NOTE.]

1. *Construction and sufficiency of count on note.*—A count on a promissory note, which avers, that the plaintiff claims of the defendant the amount therein specified, "due by promissory note made by him, for the *Winter Iron Works*, payable at the office of the *Montgomery Insurance Company*, to the order of the defendant, and endorsed by said defendant ; that the said *Winter Iron Works* are insolvent, and were insolvent at the time said note became due and payable,"—is against the defendant as endorser, and not as maker ; and it is insufficient to charge him, because it does not show that his liability is to be determined by the commercial law, (since the court cannot judicially know that said insurance company is a banking-house,) and does not aver a sufficient excuse for the failure to sue the maker, if the note is not governed by the commercial law.

2. *Same.*—But a count, which avers, that the note was made by a corporation, "by said defendant as its agent," payable at a banking-house, to the order of the defendant, and by him endorsed to the plaintiff ; "and said note not being paid at maturity, the defendant had notice of the non-payment thereof,"—is good and sufficient, as a count against the endorser of a note governed by the commercial law.

3. *Same.*—A count, which avers, that the note was made by a corporation, "by said defendant as its agent," payable at a banking-house, to the order of the defendant, and by him endorsed by the plaintiff ; that the defendant "was the sole agent of said corporation at the maturity of said note, and no other person was authorized to pay said note for said corporation ; wherefore plaintiff avers, that said defendant had due notice of the non-payment of said note at maturity,"—is not sufficient, as a count against the endorser of a note governed by the commercial

law, because it does not aver notice of non-payment, nor contain allegations which dispense with the necessity of notice.

4. *Notice of non-payment to endorser; excuse for failure to give.*—The insolvency of the maker at the time a note is given, or at the time it falls due, does not excuse the failure to give the endorser notice of non-payment at maturity.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. F. BUGBEE.

THIS action was brought by Richard Coxe, against Jos. S. Winter; was commenced on the 13th October, 1857; and was founded on a promissory note, of which the following is a copy.

"$330.17. Montgomery, December 29, 1854. On the first day of January, 1856, we promise to pay, to the order of J. S. Winter, three hundred and thirty 17-100 dollars, value received, at the office of the *Montgomery Insurance Company.*

"For the WINTER IRON WORKS,

by J. S. WINTER, Agent."

The original complaint contained a single count, which was in these words : "The plaintiff claims of the defendant three hundred and thirty 17-100 dollars, due by promissory note made by him, for the *Winter Iron Works,* and dated on the 29th day of December, 1854, and payable January 1, 1856, at the office of the *Montgomery Insurance Company.* Said note is endorsed by defendant; and plaintiff avers, that the *Winter Iron Works* are insolvent, and were insolvent at the time said note became due and payable; said note being payable to the order of defendant."

The defendant craved oyer of the note, and demurred to the complaint. assigning the following causes of demurrer : "1st, that the complaint shows no legal grounds of action against this defendant; 2d, that said complaint is founded on the endorsement of a note payable in bank, or at a banking-house, and there is no averment of notice to the defendant of the non-payment of said note, or excuse given for such failure of notice; 3d, that the action is upon an endorsement of a promissory note, and there is no averment of suit against the maker, or excuse for failure to sue,

so as to bind the defendant to pay the same; 4th, that there was no presentment of said note, at the place where payable ; and, 5th, that said note is the note of the *Winter Iron Works*, and not of the defendant." The court overruled the demurrer, and the defendant excepted.

The plaintiff then amended his complaint, by leave of the court, by adding the two following counts :

"2. The plaintiff claims of the defendant the further sum of three hundred and thirty 17-100 dollars, on a promissory note made by the *Winter Iron Works*, a corporation, by said defendant as its agent, on the 29th December, 1854, and payable on the 1st day of January, 1856, at the office of the *Montgomery Insurance Company*, a banking-house, to the order of the defendant, by whom said note was endorsed to the plaintiff ; and the said note not being paid at maturity, the defendant had due notice of the non-payment thereof. The said note, with the interest thereon, is still unpaid.

"3. The plaintiff claims of the defendant the further sum of three hundred and thirty 17-100 dollars, on a promissory note made by the *Winter Iron Works*, a corporation, by said defendant as its agent, on the 29th December, 1854, and payable on the 1st January, 1856, at the office of the *Montgomery Insurance Company*, a banking-house, to the order of the defendant, by whom said note was endorsed to the plaintiff. The said note, with the interest thereon, is still unpaid ; and plaintiff avers, that the defendant was the sole agent of said *Winter Iron Works* at the maturity of said note, and that no other person was authorized to pay said note for said *Winter Iron Works*. Wherefore plaintiff avers, that said defendant had due notice of the non-payment of said note at maturity."

The defendant demurred to each of these counts, assigning the same grounds of demurrer as to the first. The court overruled the demurrer, and held each count sufficient; to which exceptions were reserved by the defendant. An issue was then formed between the parties, and submitted to a jury ; but the record does not show what pleas were filed. "On the trial," as the bill of exceptions states, "the plaintiff offered to read to the jury the note above set

out, to which the defendant objected; which objection was overruled by the court, and the note was read to the jury; to which the defendant excepted. The plaintiff then offered to read, from the records of the circuit court, several judgments against the *Winter Iron Works*, and to show, by the officers' returns, that said judgments remained unsatisfied; said judgments and the returns of said executions being anterior to the maturity of said note. To this proof the defendant objected, as illegal and irrelevant; but the court overruled the objections, and allowed the evidence to go to the jury; to which the defendant excepted. The plaintiff then offered evidence to prove that, at and about the time of the maturity of said note, the said Joseph S. Winter, the defendant, was acting as the agent of said *Winter Iron Works;* and the witness who made this evidence stated, also, that he knew of no other persons attending to the affairs of said corporation at the time last aforesaid; which proof was objected to by the defendant, as illegal and irrelevant; but the court overruled the objection, and allowed the evidence to go to the jury; and the defendant excepted. This being all the proof, and there being no evidence offered of the presentation of said note for payment, at the place where it was payable, or of any protest for non-payment, or of any notice of non-payment to the defendant, (except as the same may be inferred from the above proof,) the court charged the jury, that, if they believed the evidence, they should find for the plaintiff the amount of said note, with interest; to which charge the defendant excepted."

All the rulings of the court, to which, as above stated, exceptions were reserved by the defendant, are now assigned as error.

CHILTON & THORINGTON, for appellant.—1. The note being set out on oyer, it must be looked to in considering the sufficiency of the complaint on demurrer. The note, as set out, is the note of the corporation.—*Roney's Adm'r v. Winter*, 37 Ala. 277. The first count is against the defendant as maker, the additional words being mere surplusage, or matter of description, and not sufficient to show

that he signed the note as the agent of the corporation. If regarded as a count against an endorser, it is fatally defective, for want of an averment of presentation for payment at the place where it was payable, and notice of non-. payment. The note is commercial paper, and governed by the law merchant.—*Milton v. De Yampert*, 3 Ala. 648; *Evans v. Gordon*, 8 Porter, 346 ; *Smith v. Strader*, 9 Porter, 446; *O'Hara v. Hawkinsville Bank*, 2 Ala. 367 ; *Pond v. Lockwood*, 8 Ala. 669; *Beal v. Wainwright*, 6 Ala. 156.

2. The averment of the insolvency of the corporation is no excuse for the failure to present the note for payment, and to give notice of non-payment to the endorser.— *Bishop v. Bradford*, 16 Ala. 769; *Brown & Sons v. Ferguson*, 4 Leigh, 37.

3. The second count is bad. The facts averred, as an excuse for not giving notice, may consist with the fact that the corporation had funds at the place of payment. Besides, this count avers, "that no other person" [than the defendant] "was authorized to pay said note for said" corporation; from which the inference legitimately follows, that it would have been paid, if it had been presented, and that it was not presented. The reason for demand and notice is, that the endorser may pay and take up the note, and then protect himself by suit against the maker. The averment of Winter's agency and authority to pay when the note matured, is a reason why the note should have been presented at the place of payment, and certainly affords no ground for charging him with its payment, two years after maturity, without such presentation.

4. The same principles apply to the rulings of the court on the evidence, and in the charge to the jury. The charge is objectionable, also, because it invaded the province of the jury.—*Henderson v. Mabry*, 13 Ala. 713; *Williams v. Shackelford*, 16 Ala. 318 ; *Curlisle v. Hill*, 16 Ala. 398.

WATTS & TROY, *contra.*—1. The note sued on was drawn by the defendant, as the agent of the corporation, payable to his own order. An agent cannot make a contract with himself. If he contracts in such a manner as not to bind his principal, he becomes individually responsible. The

note could have no legal effect whatever, until endorsed by the defendant; the endorsement alone gives it validity, and makes him the real and legal maker of the note.—*Lea & Langdon v. Branch Bank at Mobile*, 8 Porter, 124; *Smith v. Strader*, 9 Porter, 446; *Murdock v. Caruthers*, 21 Ala. 785.

2. If the defendant was the maker of the note, no presentation for payment, or protest, or notice, was necessary to fix his liability.—*Evans v. Gordon*, 8 Porter, 142; *Sale v. Branch Bank at Decatur*, 1 Ala. 425; *Leigh v. Lightfoot*, 11 Ala. 935; Story on Prommissory Notes, § 201, and notes; *Smith & March v. Paull*, 8 Porter, 503; *Randolph v. Parish*, 9 Porter, 76.

3. As between the defendant and the corporation, there was no consideration; and he was therefore liable without demand and notice of non-payment. —*Gee v. Williamson*, 1 Porter, 313; *Holman v. Whiting*, 19 Ala. 703.

4. The case of *Roney's Adm'r v. Winter*, cited for appellant, is unlike this case. In that case, the note was not payable to Winter's own order, and was not endorsed by him; and the only question was, whether the face of the note showed, *prima facie*, that he was the maker.

5. A demand is not necessary to enable the holder to sue the maker of a note, even if it be payable at a bank, or other particular place.—*Evans v. Gordon, supra; Montgomery v. Elliott*, 6 Ala. 701.

6. If Winter was the sole agent of the corporation, he knew that the note was not paid at maturity, and there was no necessity to present for payment. *Cessante ratione, cessat etiam lex.*

BYRD, J.—1. The counsel argue, that the first count is against the appellant as maker of the note. In our opinion, each count is against him as endorser thereof. We cannot take judicial notice of the fact, if it is one, that the *Montgomery Insurance Company*, or its office, was a banking-house within the meaning of sections 1525 and 1543 of the Code; and the excuse alleged for non-compliance with the latter section is not one recognized by law.—Code, § 1546. The demurrer to the first count should have been sustained. There are authorities, as argued by the counsel for appel-

Winter v. Coxe.

lee, which sustain the position, that, under certain circumstances, an endorser of a bill of exchange may be held liable as the maker of a promissory note ; but the complaint should so declare against him. Our system of pleading, under the Code, is a wide departure from the certainty and particularity required by the wisdom of the common law ; yet it preserves its distinctions, in the forms of complaints, between a drawer, or maker, and an endorser of a bill or note ; so that a complaint against a party as drawer will not authorize a judgment against him as acceptor or endorser of a bill, if the objection is made on the trial.

2. The second count of the complaint we are constrained to hold good, under the provisions of the Code. In this, and the third count, it is averred, substantially, that "the office of the *Montgomery Insurance Company*" is a banking-house. If it was, then, under section 1525 of the Code, the liabilities of the parties to the note sued on must be ascertained by the commercial law. An endorser of an inland bill of exchange is entitled to notice of non-payment at maturity ; but there is no necessity for protest, as in the case of a foreign bill, in order to fix his liability. It is averred in the second count, that the defendant had due notice of the non-payment of the note at maturity. This, with the other averments, was sufficient to charge him as an endorser.

3. Although it is averred in the third count, that "the defendant was, at the maturity of said note, the sole agent of said *Winter Iron Works*, and that no other person was authorized to pay said note for said *Winter Iron Works;*" yet that was not sufficient to relieve the plaintiff from the duty of giving notice to the endorser of the non-payment of the note ; and the subsequent averment, that he had notice thereof, is entirely predicated on the above recited allegation, and is a conclusion therefrom drawn by the pleader. The defendant may have been the sole agent of the *Winter Iron Works*, and no other person may have been authorized to pay the note ; but such allegations are not equivalent to an averment that the defendant was the sole agent *to pay* the note for the *Winter Iron Works*, and that the officers thereof were not authorized to do so, at maturity thereof.

4. The insolvency of the drawer of a bill, or maker of a note, at the time the bill or note was given or payable, is no excuse for not giving notice of the non-payment to the endorser at maturity. Such is the law in this country.— *Bank of America v. Petit*, 4 Dallas, 127—168 ; *Jackson v. Richards*, 2 Caines' R. 343 ; *May v. Coffin*, 4 Mass. 205 ; *Furman v. Fowle*, 12 Mass. 89 ; *Agan v. McManus*, 11 John. 189.

It does not appear from the bill of exceptions that the endorsement of the note by the defendant, if he ever endorsed the same, was given in evidence on the trial, nor that he had any notice of non-payment of the note at maturity ; and the court therefore should not have given the charge it did to the jury. The proof did not authorize such a charge, *on the second count of the complaint.*

If the office of the *Montgomery Insurance Company* was a banking-house at the time the note was made, or if the act incorporating it should be given in evidence, then this case may hereafter turn upon principles different from those applicable to a promissory note not payable at a bank or banking-house ; and upon the present record we will not attempt to lay down the principles governing either phase the case may assume. We intimate no opinion upon the question, whether the defendant, if he endorsed the note, may not be held liable thereon as a maker, upon principles of commercial law ; nor upon that other question, whether he is not liable as a maker of the note, upon the signature thereto and the contents thereof. There being no count against him as the maker of the note, we do not think it proper, upon the present record, to pass upon those interesting questions.

Upon the questions of the duties and responsibilities of agents, the construction of the peculiar instrument sued on, and of the liabilities of the parties thereto, the following authorities may be consulted : Story on Agency, 144 ; Story on Promissory Notes, p. 70 ; 37 Ala. 277 ; *Edis v. Bury*, 6 B. & C. 433 ; 9 D. & R. 492 ; 2 Car. & P. 559 ; *Smith v. Strader*, 9 Porter, 446 ; *Mims v. Central Bank*,

2 Ala. 296; *Goggin v. Smith,* 35 Ala. 686; as also cases cited on briefs of counsel in this cause.

Judgment reversed, and cause remanded.

JUDGE, J., not sitting.