THE STATE, on the relation of MAY, *v.* RABOURN and Others.

No proper exception having been taken in this case, the motion for a new trial reached nothing but the merits as shown by the evidence.

Monday, June 4.

APPEAL from the *Jefferson* Court of Common Pleas.

WORDEN, J.—Suit by the appellant against the appellees, upon a bond executed by *Rabourn* (and the other defendants as his sureties), as guardian of the relator. Answers were filed, issues formed, and the cause tried by a jury, resulting in a verdict and judgment for the defendants, a new trial being denied. No question is raised upon the pleadings in the cause.

Errors are assigned upon the ruling of the Court in giving and refusing instructions in overruling the motion for a new trial; and in refusing to permit the jury to take with them to their room certain written evidence introduced upon the trial.

The reasons filed for a new trial are:

1. The verdict is contrary to law and evidence.

2. The Court erred in its instructions to the jury.

3. The Court erred in giving instructions asked for by the defendants.

4. The Court erred in refusing to give instructions asked for by the plaintiffs.

May Term,
1860.

THE STATE
v.
RABOURN.

The ruling of the Court in refusing to permit the jury to take to their room the written evidence, cannot be examined by us, as that was not one of the grounds for which a new trial was asked. If any error was committed, in that respect, by the Court, in the abuse of its discretion or otherwise, it should have been made the basis of the motion for a new trial. *Kent* v. *Lawson*, 12 Ind. R. 675.

The point is made by the appellees, that no valid exception was taken to any ruling of the Court. If this be so, it precludes any further examination of the cause. No exceptions to the ruling of the Court, either in giving or refusing instructions, appear in the record, other than in the bill of exceptions. It appears by the record that, on the 10th day of *February*, 1858 (the cause having been before that time tried), the motion for a new trial was overruled, to which ruling the relator then excepted, and time was given until the 10th day of *March*, to prepare the bill of exceptions. The bill of exceptions was filed on the first of *March*. The language of the bill of exceptions, in reference to the instructions given and refused, is in the present tense, and relates to the time of filing the bill, and not to the time of the decision. It does not show, even by implication, that any exception was taken to the ruling on the instructions at the time they were given, and those asked refused, but on the contrary, some twenty days afterwards, when it was too late for the Court to correct any errors, if they had been committed. That such exceptions came too late, is settled by the cases of *Leyner* v. *The State*, 8 Ind. R. 490, and *Johnson* v. *Bell*, 10 *id.* 363.

As the Court gave time to prepare the bill of exceptions, it would, perhaps, have been sufficient had it shown that the relator excepted to the ruling at the time the instructions were given and refused; but not showing this, the case stands as if no exception had been taken in this respect. It may be observed that the provisions of the 325th section of the code, permitting exceptions to instructions to be taken by writing on them "refused and excepted to," and "given and excepted to," to be signed by the party or his attorney, were not complied with.

There having been no proper exception taken to the ruling on the instructions, the motion for a new trial reached nothing but the merits of the case as shown by the evidence. We have seen that the relator excepted, at the time, to the ruling on his motion for a new trial. This appears by the entry made by the clerk on the order-book. The bill of exceptions does not show that the exception was then taken, the language employed being similar to that in reference to the instructions; but it contains the evidence. Perhaps the entry on the order-book showing that exception was taken at the time, and a bill of exceptions afterwards filed setting out the evidence, would constitute a sufficient exception to the ruling on the motion. But we need not decide this point, as upon an examination of the evidence, we think it sufficiently sustains the verdict. The defendants produced the receipt of the relator, showing that after he arrived at majority, *Rabourn*, his guardian, settled with him and paid in full all that was due to him from his said guardian; and we cannot say from the evidence, against the verdict of the jury, that the receipt was unfairly or improperly obtained, or that the settlement was improperly made.

*Per Curiam.*—The judgment is affirmed with costs.

*S. C. Stevens*, for the state.

*J. Sullivan*, *W. M. Dunn*, and *A. W. Hendricks*, for the appellees.

