BUSH *v.* DURHAM.

A recital in the record, that instructions were given and excepted to, or refused and excepted to, does not constitute a good exception, unless signed by the party or his attorney.

*Saturday,
December* 8.

APPEAL from the *Johnson* Common Pleas.

DAVISON, J.—This was an action by *Durham* against *Bush*, a physician, for malpractice. Issues being made, the cause was submitted to a jury, who found for the plaintiff, and the court, having refused a new trial, rendered judgment, &c.

The following are the errors assigned: First. The Court erred in giving the 1st, 2d, 3d, and 4th charges to the jury, and in refusing the 1st, 2d, 3d, 4th, and 5th instructions moved by the defendant. Second. The Court erred in refusing a new trial, and in rendering judgment.

In reference to the charges given, and instructions refused, there is no bill of exceptions. But, in the record, immediately preceding the charges given, there is this statement: "Upon which evidence, the jury, after instructions by the Court, which were excepted to by the defendant, found for the plaintiff, and assessed his damages at $115. The following are the instructions." And also immediately preceding the instructions refused, there is a memorandum in these words: "The defendant asked the Court to give to the jury the following instructions, which were refused, and excepted to." The appellee insists that these exceptions are not taken in the mode prescribed by the statute; and that the errors, if any there are, in giving or in refusing to give instructions, are not properly before this Court. This position is, in our opinion, well taken. The code says: "A party excepting to the giving, or the refusal, of an instruction, shall not be required to file a bill of exceptions; but it shall be sufficient to write at the close of each instruction, "refused and excepted to," or, "given and excepted to," "which shall be *signed by the party or his attorney*." 2 R. S., § 325, p. 112. Thus, it will at once be seen, that the exceptions, upon which the appellant bases his first assigned error, are not within the requirements of the statute. *Ledly* v. *The State*, 4 Ind. 580.

The second error relates to the sufficiency of the evidence to sustain the verdict. The record sets out the evidence, and we have examined it carefully, and, though it is to some extent conflicting, we are of opinion that its weight accords with the verdict.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*F. M. Finch* and *S. P. Oyler*, for appellant.

*G. M. Overstreet* and *A. B. Hunter*, for appellee.