Nov. Term,
1860.

MAGHEE
v.
BAKER.

*J. H. Jones*, for appellant.

*N. W. Gordon* and *A. W. Sanford*, for appellees.

---

### MAGHEE and Another *v.* BAKER and Another.

Parties may agree upon a statement of facts, upon which to submit a cause to the jury, under the instructions of the Court, but such statement will not be taken to contain "all the evidence given in the cause," without a recital to that effect in the statement, or in the record.

As an abstract proposition, the law may not authorize a married woman to enter into a contract of partnership, but if she does make such contract, and in pursuance of it places her separate funds in the firm of which she is, by contract, a partner, such funds can not, while there, be made subject to her husband's debts.

An exception to an instruction given by the Court, in these words: "The Court refused to give such instruction, and the plaintiff excepted," is not well taken, unless signed by the party or his attorney.

*Saturday,*
*December 8.*

APPEAL from the *Knox* Common Pleas.

DAVISON, J.—*John H. Maghee & Co.*, sued *Christopher Baker*, to subject certain funds in his possession to the payment of a debt. The complaint alleges these facts: In the year 1851, *George Krebs* and *Christian Krebs*, who were then partners under the name of " *Geo. Krebs & Brother*," purchased from plaintiffs, store goods, worth $900, for which they executed two promissory notes. In 1852, the makers of the notes dissolved their partnership, and, immediately thereafter *Christian Krebs* absconded, leaving the notes unpaid. After this, *George Krebs* entered into partnership with *Baker*, the defendant, and commenced business under the name of " *Baker &*

Co." *Krebs* put into this concern $1,000, and the firm, thus constituted, continued business until the death of *Geo. Krebs*, which occurred in *February*, 1857. During the continuance of the firm of "*Baker & Co.*," the net profits thereof amounted to at least $2,000; one half of which belonged to *Geo. Krebs*. But, after his death, the defendant took possession of all the partnership assets and converted them to his own use, and still retains them. It is averred that the defendant refuses to account for the property, and fraudulently pretends that *Geo. Krebs* was not a member of the firm of "*Baker & Co*;" but that the firm was composed of *Christopher Baker* and *Margaret Krebs*, the wife of *Geo. Krebs*, deceased; that there never was any administration on the estate of the decedent, and that the plaintiffs are his only creditors. The relief prayed is, that the defendant be required to account for the property of the deceased, so in his hands, and that he pay the same into Court for the benefit of the decedent's creditors.

The answer contains three paragraphs. First. A general denial. Second. That to the extent of $300, the widow of *Geo. Krebs* is entitled to his property; and that he did not, at his death, have that sum. Third. That the entire interest claimed by the plaintiffs, was the sole and separate property of *Margaret Krebs*, the widow of *George Krebs*, and that they are not, therefore, entitled to an account, &c. To the second paragraph of the answer, the plaintiffs replied, that it was untrue; and, further, that *Margaret Krebs* had received $300, over and above the claim set up in the complaint:—and to the third paragraph they replied, "That the property therein named was the property of *George Krebs*, and not the property of *Margaret Krebs*.

Upon the issues, there was a verdict for the defendant, and the Court, having refused a new trial, rendered judgment, &c.

The record does not profess to set out all the evidence given in the cause. It contains no bill of exceptions; but does contain an agreement, signed by the parties, which says there was proof, setting it out as follows: "*George Krebs*, the decedent, had been in mercantile business, at '*Edwardsport*;' had failed in business, and the debt now claimed was then contracted by him. After this failure, he went to *Vincennes*,

Nov. Term, 1860.

MAGHEE
v.
BAKER.

destitute of property, and married *Margaret Watjen*, whose father then gave her $300, in cash. He then removed to the '*Cross-roads*,' where a certain connection in business was formed by *Krebs*, or by *Krebs* and wife, or by *Margaret Krebs*, the wife, with *Baker*, the defendant, under the firm of '*Baker & Co.*' After the death of *Krebs*, *Baker* took possession of and retained the partnership property, to the amount of more than $1,000, above the debts of the firm. There never was any administration on the estate of *Krebs;* it was considered insolvent. Three witnesses testified that *Krebs* was *Baker's* partner, and six testified that *Margaret Krebs* was such partner. Of the concern, *Baker* was a recognized and active partner. *Margaret* attended in her dwelling to her family concerns. *Krebs* attended in the store of "*Baker & Co.*" It was proved that *Margaret* put into the concern, at least $200, which was the only money put in by her, or her husband."

The motion for a new trial is based upon three grounds: First. The verdict is contrary to law and evidence. Second. The Court erred in its charge to the jury. Third. The refusal of the Court to instruct the jury, as moved by the plaintiffs. As has been seen, the record does not profess to set out all the evidence, hence, the inquiry involved in the first ground can not be raised in this Court. Parties may enter into an agreement of facts, and upon the agreed facts, submit their case to the jury, under the instructions of the Court; but we are not allowed to hold that "all the evidence given in the cause is before us," unless the fact that it is, appears in such agreement, or is so stated in the record. Ind. Dig. 722, rule 30.

The Court gave this charge: "If the jury believe that *Margaret Krebs* was the partner, with the defendant, in the firm of "*Baker & Co,*" and her interest therein was her separate property, placed in said firm under the management of her husband, *George Krebs*, they may find for the defendant." To the giving of this "the plaintiff excepted." And, thereupon, he moved to instruct as follows: "A married woman can not, according to the laws of this State, be a partner in a mercantile concern." This instruction the Court refused, to which there was an exception in this form: "The Court re-

fused to give such instruction, and the plaintiffs excepted." The rulings upon these instructions are said to be erroneous, because they assume that a married woman may be a legal partner in "a mercantile firm." We think otherwise. If the assets in the hands of the defendant, and claimed by the plaintiffs, were the separate property of *Margaret Krebs*, the jury were authorized to find for the defendant, whether she was, or was not, his partner. As an abstract proposition, the law may not authorize a married woman to enter into a partnership contract. Still, if she does make such contract, and, in pursuance of it, places her separate funds in the firm of which she is, by contract, a partner, they can not, while there, be made subject to her husband's debts. As to the proposed instruction, it may be assumed that it is not pertinent to the case. None of the pleadings aver that *Margaret* was a partner of the firm of "*Baker & Co;*" indeed, there was only one substantial issue in the cause, namely, whether she was, or was not, the owner of the assets claimed by the plaintiffs. It is, however, insisted that there is no proper exception to the action of the Court in refusing the instruction. As we have seen, the memorandum at its close is in these words: "The Court refused to give such instruction, and the plaintiffs excepted." This memorandum, though not in the language of the statute, see 2 R. S., § 325, p. 112, might be deemed sufficient, but it is not signed "by the party or his attorney," and can not, therefore, be held effective as an exception. *Ledley* v. *The State*, 4 Ind. 580; *Bush* v. *Durham, ante*, 252.

*Per Curiam.*—The judgment is affirmed, with costs.

S. *Judah*, for appellants.

D. *McDonald*, for appellees.