## NEWBY v. WARREN.

INSTRUCTIONS—EXCEPTIONS TO.—Exceptions to instructions given, or refused, by the court, may be taken either by the attorney writing at the close of each, "given (or refused) and excepted to," and signing it, or by a general bill of exceptions, and when neither of these methods are resorted to, the instructions make no part of the record, and will not be noticed.

SAME.—When the words "given (or refused) and excepted to" are written after the instruction, and signed by the judge, instead of the attorney, the exception is not properly reserved.

APPEAL from the *Wayne* Common Pleas.

FRAZER, J.—There are two methods by which instructions given by the court to a jury may be preserved in the record. One of these methods is provided by statute, 2 G. & H., 199, *et seq.*, and is so plainly stated therein that no interpretation is needed. The other method is by bill of exceptions. In the case before us, both of these methods were overlooked. The clerk has, however, copied into the transcript certain papers, which, he states, are the instructions given and refused. It does not appear that the court was requested to instruct in writing, and the general instructions which thus purport to have been given by the court, are not signed by the judge. They are, therefore, no part of the record, and ought not to be found in the transcript. Special instructions asked by the appellant, if refused, might, with his excep-

tions, have been made part of the record without a bill of exceptions, if his counsel had written at the close of each "refused and excepted to," and signed the name of the *counsel.* In this case the exception thus written is signed by the judge instead. It follows that they, too, are improperly here. We cannot regard papers which are in the transcript improperly, and consequently we cannot pass upon the questions made upon the instructions, and urged upon our attention on behalf of the appellant; and as no other question is presented, the judgment must be affirmed.

The judgment is affirmed, with costs.

*W. S. Ballenger* and *N. H. Johnson,* for appellant.