WALTERS *v.* HUTCHINS' Administratrix.

AWARD.—A common law award is a good bar to a suit for the same cause, though there has been no performance.

INSTRUCTIONS.—The court refused to examine into the correctness of certain instructions refused by the court below, because, the evidence not being in the record, it did not appear whether the instructions were pertinent to the case.

LANDLORD AND TENANT.—TIMBER.—A tenant of lands for agricultural uses has a right to take such timber as may be reasonably necessary for fuel, fences, &c.

COVENANT TO SEED LANDS.—A covenant in a lease to seed certain lands to clover was held to be fulfilled by the sowing of the proper seed in ground properly prepared, though from natural causes the crop did not grow.

DECEDENTS' ESTATES.—COSTS.—When a claim filed against a decedent's estate is not sworn to, the plaintiff cannot recover costs.

APPEAL from the *Steuben* Common Pleas.

FRAZER, C. J.—This was a suit by complaint, not sworn to, and summons against an administratrix for breach of covenants in a lease executed· by the intestate in his life time. The intestate had rented a farm of the plaintiff, who is appellant here, for a term of three years, terminating on the 1st of *September,* 1866, "with the privilege of remaining on the farm until the 1st of *April,* 1867, to feed his stock, and to remove the produce from the farm, but not to put in any crops after the 1st of *September,* 1866." The

covenants of the intestate, so far as it is necessary here to state them, were: 1. That he should leave as much summer fallow ploughed as he received, supposed to be about eighteen acres. 2. That he should seed to clover each year as much land as he should break up. 3. That he should keep the premises in as good repair as at the date of the lease, casualties by fire, and otherwise, excepted. 4. That he should cultivate in a good, husband-like manner, and quietly yield possession at the end of the term. The breaches alleged were, 1. Cutting, destroying and carrying away timber, trees and saplings. 2. Breaking up land, and failing to seed any in clover. 3. Failing to leave summer fallow. 4. Failing to cultivate as he had covenanted. 5. Failing to keep in repair.

The answer was in four paragraphs: 1. General denial. 2. Payment. 3. That upon a written agreement of submission of the same and other matters, an award had been made, (setting out copies of the submission and award,) which the defendant is ready to perform. 4. Submission and award upon all matters in difference, and readiness to perform the award. Demurrers to the third and fourth paragraphs were overruled, and we are required to review those rulings. To the fourth paragraph, no objection is urged in argument. It is merely suggested as questionable whether a common law award, without performance, is a bar. We perceive no ground upon which to base such a doubt. The question seems to be at rest. *Armstrong* v. *Masten,* 11 Johns., 189; *Jessiman* v. *Haverhill, &c., Iron Manufactory,* 1 N. H., 68.

As to the third paragraph, it is argued that the submission pleaded shows that the matters sued upon now were not submitted. We do not concur in that interpretation of the submission, and are, therefore, of opinion that the objection is not good.

The cause having been put at issue by a reply of general denial, and some special paragraphs, there was a jury trial and a verdict for the plaintiff for seven dollars. A motion

by the plaintiff for a new trial was overruled, and the correctness of that ruling is questioned. The evidence is not before us.

The appellant argues that certain instructions given by the court to the jury were not good law, and that ten several instructions prayed by him, and refused by the court, should have been given. The evidence not being before us, it is not possible for us to say that some of the instructions asked by the appellant were pertinent to the case, and should have been given, even if they state the law correctly.

The court refused to instruct that under the lease all repairs of fences must have been done by the first of *September*, 1866, but, on the contrary, did instruct that if, after that date, while occupying until the 1st of *April*, 1867, to feed his stock and remove his produce, any fences were thrown down, it was the right and the duty of the tenant to repair them at any time prior to *April* 1, 1867. This action of the court was so plainly proper that no plausible objection to it can be conceived.

The jury was instructed that under the law the tenant could take reasonable wood for fuel, fences, agricultural erections, and other necessary purposes, and the court refused to give the contrary proposition as the law. In this the court was supported by all elementary writers, as well as all the reported cases upon the subject which have come to our knowledge.

The court was asked to instruct that the covenant "to seed to clover" required the tenant to be responsible for any failure of the clover seed to grow, from unavoidable, natural or providential causes. This was refused, but the jury was told that the covenant only required the tenant to sow the seed upon ground properly prepared, at a proper season, and do what he could to secure its growth, and that he was not responsible for a failure resulting from a want of rain or unfavorable weather. We think that the legal effect of the covenant was correctly given to the jury. Its

language went no further in favor of the plaintiff, and the court would not have been justified in imposing upon the tenant a burden never assumed.

Judgment for costs was given against the appellant, and this is assigned for error. The fifth section of the act of 1855 (2 G. & H. 503) seems to settle this question against the appellant, so far as he claims that he should have recovered costs. It is there enacted that unless a claim against a decedent's estate shall have the claimant's affidavit attached, to the effect that the claim is justly due and wholly unpaid, no costs shall be recovered in any suit upon it. But this does not entitle the administratrix to judgment for her costs. It simply leaves the parties respectively liable to pay their own costs. The court below erred, therefore, in rendering its judgment for costs, and as to that, there must be a reversal.

The judgment for costs is reversed, with costs, and the cause remanded, with instructions to set aside the judgment for costs.

*D. E. Palmer* and *E. B. Glasgow*, for appellant.

*J. A. Woodhull* and *W. G. Croxton*, for appellee.