THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY *v.* COX.

PLEADING.—*Demurrer.*—Where a complaint contains one good paragraph, a demurrer to the whole complaint should be overruled.

PRACTICE.—*Instructions.*—*Exceptions.*—Where an instruction asked by a party, is in writing, signed by the party or his attorney, it thereby becomes part of the record. An exception may be taken to the giving of such instruction or

the refusing to give it by the words "given (or refused) and excepted to" being written after it and signed by the party excepting or his attorney. If such instruction be so made part of the record, and the exception be so entered, the instruction need not be authenticated by the signature of the judge or put into a bill of exceptions. *Cross v. Pearson,* 17 Ind. 612, overruled on this question.

SAME.—*Record.*—Where instructions are refused, it will be presumed, the evidence not being in the record, that they were refused because not applicable to the evidence.

APPEAL from the Johnson Common Pleas.

BUSKIRK, J.—This action was brought by the appellee against the appellant, to recover the value of certain cattle killed and injured by the locomotive and cars of the appellant. The complaint was in two paragraphs. The first was based upon the statute of 1863. The second alleged that the cattle were killed and injured by the carelessness of the servants of the appellant. The appellant demurred generally to the complaint. The demurrer was overruled and an exception taken. The appellant answered by a denial. The cause was tried by a jury and resulted in a finding for the plaintiff.

The court overruled a motion for a new trial, and rendered judgment on the verdict.

Three errors are assigned: 1. The overruling of the demurrer to the complaint. 2. The refusal of the court to instruct the jury as requested by the appellant in the seventh instruction. 3. Overruling a motion for a new trial.

The counsel for appellant, in their brief, admit that there was one good paragraph in the complaint, and, the demurrer being to the whole complaint, that the court committed no error in overruling it. This disposes of the first error.

The evidence is not in the record, and, consequently, we are in no condition to determine whether the court erred in refusing a new trial. There is nothing for us to base any judgment upon, and in such a case we will presume that the ruling of the court below was correct.

This leaves for our consideration the refusal of the court to give the seventh instruction as asked by the appellant.

The Jeffersonville, Madison, and Indianapolis Railroad Company *v.* Cox.

There is, however, a preliminary question to be determined before we can consider the principal question.

The appellee insists that the exception to the refusal of the court to give the instruction and the instruction itself are not before the court in a form to authorize our examination of the question. The instruction refused was in writing and signed by counsel. The following entry was at the close of the instruction. "Refused and excepted to at the time. Overstreet & Hunter, Banta & Byfield, attorneys for defendant."

It is contended by the appellee that an instruction refused can only be made a part of the record by a bill of exceptions, or authenticated by the signature of the judge who presided at the trial, and in support of this position reference is made to the case of *Cross* v. *Pearson*, 17 Ind. 612. In that case the court say: "A part of the instructions asked by the plaintiff have appended to them the words, 'refused and excepted to,' signed by counsel; and a part asked by defendant the words, 'given and excepted to,' and likewise signed by plaintiff's counsel. They do not appear to be authenticated by the signature of the judge, nor are they embodied in the bill of exceptions." The court held that the instruction was not in the record, and that the exception to the refusal of the court to instruct was not properly taken. It is maintained by the counsel for the appellant that the above decision is repugnant to the statute, and is in conflict with earlier and later decisions of the court.

The sixth clause of section 324 of the code, 2 G. & H. 200, is as follows:

"Where either party asks special instructions to be given to the jury, the court shall either give each instruction as requested, or positively refuse to do so; or give the instructions with a modification, in such manner that it shall distinctly appear what instructions were given, in whole or in part, and in like manner those refused, so that either party may except to the instructions, as asked for, or as modified,

or to the modification. All instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record. The instructions shall not be entered at large on the final record, unless either party may wish to remove the cause to a superior court.

"Sec. 325. A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, 'refused and excepted to,' or 'given and excepted to,' which shall be signed by the party or his attorney."

We are clearly of the opinion that the above sections of the statute will not bear the construction placed on them, in the case of *Cross* v. *Pearson, supra.* The learned judge, who delivered the opinion of the court seems to have been misled by the provision, that "all instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." The statute contemplates two kinds of instructions; first, those given by the court of its own motion, and these must be signed by the judge and filed; second, those asked for by the parties, and these must be filed together with those given by the court, and in this manner the instructions given by the court of its own motion and those asked for by the parties become a part of the record. When a party asks the court to give an instruction, it should be in writing and signed by the party or his attorney. When the instructions given by the court of its own motion are signed by the judge, and those asked for by the party are signed by the party or his attorney, they are sufficiently authenticated and can be readily identified. When they are signed by the judge or the party asking them and are filed, they become a part of the record, but the instructions are not to be entered at large upon the final record, unless either party may appeal the case to this court, when they are to be copied into the record, as the complaint, answer, reply, and demurrer filed in a cause are.

The Jeffersonville, Madison, and Indianapolis Railroad Company *v.* Cox.

Section 325 provides two modes in which an exception can be taken to the giving or the refusing to give instructions. The first is by a formal bill of exceptions, but this mode is not required; the second is by writing at the close of the instruction the words, "given and excepted to," or "refused and excepted to," and this entry must be signed by the party or his attorney. The statute declares that this shall be sufficient to take an exception to the giving or the refusing to give an instruction. Such has been the uniform construction of the statute by this court, except in the case of *Cross* v. *Pearson, supra.*

We will refer to some of the earlier and later decisions.

In the case of *Ledley* v. *The State,* 4 Ind. 580, this court was, for the first time, called upon to place a construction upon the above sections of the statute. In that case the court held that the memorandum at the close of an exception, "refused and excepted to," must be signed by the party or his attorney.

This court, in the case of *The State* v. *Rabourn,* 14 Ind. 300, held that the exception to the instruction given was not properly taken, for the reason that the exception related to the time of the filing of the bill of exceptions, and not to the time when the decision was made.

In *Bush* v. *Durham,* 15 Ind. 252, and *Maghee* v. *Baker,* 15 Ind. 254, this court held that "an exception to an instruction given by the court, in these words: 'The court refused to give such instruction, and the plaintiff excepted,' is not well taken, unless signed by the party or his attorney."

The precise point involved in the case under consideration was involved in the case of *Newby* v. *Warren,* 24 Ind. 161, where the court held that exceptions to instructions given or refused by the court may be taken in two ways. The first method provided by statute, 2 G. & H. 201, is by the party or his attorney writing at the end of each instruction, "given (or refused) and excepted to," and signing it. The other method is by a general bill of exceptions. When neither of these methods is resorted to, the instructions form no part

of the record, and will not be noticed. If the words, "given (or refused) and excepted to," written after the instruction, are signed by the judge instead of by the attorney, it is not a proper reservation of the exceptions.

The above case is in direct and irreconcilable conflict with the case of *Cross* v. *Pearson, supra.* In the one it was held that the instruction must be authenticated by the signature of the judge, while in the other it was held that if it was signed by the judge instead of the party or the attorney, it was not a proper reservation of the exception.

The ruling in the case of *Newby* v. *Warren,* 24 Ind. 161, was followed in the case of *Medler* v. *The State,* 26 Ind. 171.

We are of the opinion that the exception to the instruction refused was properly taken, and that the said instruction constitutes a part of the record, and that the decision in the case of *Cross* v. *Pearson, supra,* is repugnant to the statute, and in conflict with the other decisions of this court, and that said case is, on the point under consideration, overruled.

It is next maintained by the appellee that we cannot reverse the judgment, even if the instruction refused was correct as an abstract proposition, and is properly in the record, for the reason that where instructions are refused, the evidence not being in the record, it will be presumed that they were refused because they were not applicable to the evidence.

The above proposition is sustained by a long and unbroken line of decisions in this court. A large number of the cases are collected in note *e.,* 2 G. & H. 200. The last case we have found sustaining the same principle is *Walters* v. *Hutchins' Adm'x,* 29 Ind. 136.

The instruction asked and refused was in these words: "If a public highway crosses a railroad track, at a point in a town where it would be illegal or improper for the railroad company to fence the track on either side of said crossing, on account of the rights or convenience of the public, the company is not required by law to place cattle-pits at the side of the crossing to keep cattle off the track."

The evidence not being in the record, we have no means of knowing whether the above instruction was applicable to the case or not. If the evidence showed that the cattle were not killed and injured in a town, then the charge asked was correctly refused. The court below had the means of knowing, and we will presume did know, whether the charge applied to the case.

We are, therefore, of the opinion, that in the condition of the record, we cannot, under the long and well settled practice in this court, examine and determine whether the court erred in refusing to instruct as asked.

The judgment is affirmed, with costs.

*D. D. Banta, C. Byfield, G. M. Overstreet,* and *A. B. Hunter,* for appellant.

*D. W. Howe,* for appellee.