THE COLUMBUS AND INDIANAPOLIS CENTRAL RAILWAY COM-
PANY ET AL. *v.* GRIFFIN ET AL.

BILL OF EXCEPTIONS.—*Evidence.*—Evidence cannot be made a part of a bill of exceptions by mere reference to certain lines of the transcript where it may be found.

From the Randolph Circuit Court.

*J. W. Gordon, T. M. Browne, R. N. Lamb,* and *J. P. Siddall,* for appellants.

*H. W. Harrington* and *C. A. Korbly,* for appellees.

OSBORN, J.—This was an action by the appellees against the appellants. Issues of fact were formed, which were tried by a jury, resulting in a verdict for the appellees, and, over a motion for a new trial, judgment was rendered on the verdict. The only error assigned is in overruling the motion for a new trial.

The appellees make the point that the bill of exceptions " does not properly contain the evidence given on the trial, and consequently there is no question before the court for decision." The question being thus presented, we are compelled to consider it.

The complaint contains two paragraphs. The first is for work and labor and materials furnished. The second alleges the making of a written contract between the appellants and the appellees and its breach, which contract it is stated will more fully appear by the appellees' proposal to the appellants on a day named and the acceptance of the proposal by the appellants. It is also alleged that the work to be done was to be according to the plans, specifications, and instructions of the engineer, a copy of which, it is stated, is filed. The record does not show that any copy of the alleged proposal, acceptance, or plans, etc., were filed with the complaint. None of them appear in the record, as having been so filed. Nor are they in the record, unless the final bill of exceptions brings them in as evidence. If they

were filed with the complaint, the clerk has failed to copy them into the record. The complaint does not, nor does any of the pleadings, set out or contain any description of the contract. No demurrer was filed to any pleading in the cause. So that the complaint contains one paragraph for work and labor and materials, and one upon a written contract not set out or described.

The record shows that after the issues were formed, a jury was impanelled and sworn. Then follow what purport to be the evidence and objections and rulings of the court upon the admissibility of evidence, as if the clerk had entered it upon the order book as a part of the proceedings of the court; also seven bills of exceptions taken to the rulings of the court. It then concludes with a bill of exceptions, of which the following is a copy:

"Bill of Exceptions No. 8. *Griffin v. Railroad.* Randolph Circuit Court. Complaint No. 1,051. Defendants' final bill of exceptions. Be it remembered that on the 19th of April, 1871, the above cause came on for trial before the court and jury, and the plaintiffs introduced in chief the following evidence: (see line 1,036 of transcript of plaintiffs); and the defendants introduced the following evidence: (see line 7,115 of transcript); and the plaintiffs introduced the following rebutting evidence: (here insert the rebutting evidence of plaintiffs); and this was all the evidence given in the cause; and after the argument of counsel and instructions to the jury by the court, the jury retired, and afterward returned into court the following verdict, to wit: (here insert the verdict). Thereupon the defendants moved the court for a new trial in this cause and filed their motion in writing in these words, to wit: (see line No. 13,082). But the court overruled said motion and refused to grant a new trial, to which act and decision of the court, in overruling said motion, the defendants at the time objected and excepted and at the time reduced the exception to writing," which was signed by the judge.

The evidence is not in the record otherwise than as thus stated. The other bills of exceptions relate to rulings upon motions to suppress depositions, the admissibility of evidence, and instructions to the jury touching the evidence in the cause.

Under the uniform rulings of this court, the bill of exceptions did not include the evidence, and it is not properly in the record. In *Kesler* v. *Myers*, 41 Ind. 543, this question was fully considered, where the authorities are collected and reviewed. The evidence not being in the record, there is no question affecting the case presented for our decision.

Whilst the questions argued by counsel for appellants are not so presented by the record as to require a decision by us, still it may not be improper to say, that we have carefully examined them, and if the clerk's statement contains the evidence introduced to the jury, and if it had been properly set out in a bill of exceptions, we do not think that the judgment ought to be reversed.

The judgment of the said Randolph Circuit Court is affirmed, at the costs of the appellants.