Etter *et al. v.* Armstrong *et al.*

———⊙———

Etter et al. *v.* Armstrong et al.

PRACTICE.—*Motion to Strike Out.*—Questions arising upon a motion to strike out a part of a pleading must be presented by a bill of exceptions.

BILL OF EXCEPTIONS.—It must appear that a bill of exceptions was filed within the proper time, or it cannot be regarded as in the record.

WILL.—*Contest of.*—*Demurrer.*—Assuming, without deciding, that a party may demur to one or more of the several grounds of contest of a will, if a demurrer be joint, and any one of the grounds be good, the demurrer should be overruled.

SAME.—*Unsound Mind.*—That a testator was of unsound mind at the time of making his will, is a good ground of contest.

BILL OF EXCEPTIONS.—*Evidence.*—Where evidence is copied into the record without any indication to distinguish it from ordinary entries of the clerk, it cannot be regarded as legally in a bill of exceptions.

INSTRUCTIONS.—*Instructions Given Made Part of Record.*—Instructions given by the court cannot be made a part of the record, or any question thereon be presented, by merely indorsing thereon, "given and excepted to," signed by the attorneys, when such instructions are not also signed by the judge.

SAME.—*Instructions Refused Made Part of Record.*—When instructions asked are signed by the party or his attorney, refused by the court, and noted as refused and excepted to, signed by the party or his attorney, they become a part of the record, without the signature of the judge.

From the Morgan Common Pleas.

*G. M. Overstreet, A. B. Hunter, W. R. Harrison,* and *W. S. Shirley,* for appellants.

*S. Claypool, C. F. McNutt, G. W. Grubbs,* and *F. P. A. Phelps,* for appellees.

DOWNEY, C. J.—This was a proceeding by the appellees,. part of the heirs of Daniel Etter, deceased, against the appellants, the widow and other heirs and devisees of said deceased, instituted to set aside the will of said deceased.. The causes alleged why the will should be set aside are :.

1st. That the testator was of unsound mind.

2d. That the pretended will was unduly executed, in this,. that at the time when it was made the testator was under the improper restraint and influence of the defendants and certain of the defendants, and that the said will was made in. pursuance of the desire of the defendants and certain of them; and not in pursuance of any desire or judgment of the· testator.

3. That the execution of said will was procured through. the deceit, falsehood, and wrong of certain of the defendants· and others.

4th. That the making of the will was procured by the· undue and improper influence and conduct of certain of the· defendants, in this, that they instigated the testator against the plaintiffs, and thereby fraudulently induced him to make· the will contrary to his wishes.

5. That the making of the will was procured by the undue· influence and improper conduct of certain of the defendants, to wit, Levi Etter and Ephraim Etter, in this, that they falsely and fraudulently, and by making false and fraudulent. statements to the testator concerning the said defendant [plaintiff] Daniel and others of the plaintiffs, prejudiced the· mind of the said testator, who was then so feeble in body· and weak in mind, against the said Daniel and others of the plaintiffs, and that while said testator was under the preju- dice and passion so induced by them, they procured him to execute said will, contrary to any deliberate purpose or wish of said testator, thereby in manner aforesaid, by reason of the influence aforesaid, he unequally, unjustly, and wrong- fully, divided and apportioned his said estate as when dying: he declared.

6. That after the execution of said will, the testator revoked

the same by the sale and conveyance of certain of the lands therein described, amounting to five thousand dollars in value.

A motion was made by the defendants to strike out certain portions of the complaint, which the court overruled, except as to the cause numbered six, relating to the revocation of the will, which part the court struck out. The defendants then demurred jointly to the first, second, third, and fourth causes of contest, on the ground that the same, nor either of them, stated facts sufficient to constitute a valid cause of action or contest. This demurrer was overruled, and the defendants excepted. The defendants then answered by filing a general denial, and there was an agreement that the parties might give in evidence all matters of defence or reply under the issue thus formed.

The issue was tried by a jury, and there was a verdict for the plaintiffs. A motion by the defendants for a new trial was overruled, the defendants excepted, and were given sixty days in which to file their bill of exceptions. Final judgment was rendered for the plaintiffs, setting aside the will and the probate thereof.

The errors properly assigned are the following : 1. Overruling the motion to strike out parts of the complaint. 2. Overruling the demurrer to the complaint. 3. Refusing to grant a new trial.

There are several other assignments of error, but they are such as should be embraced in the third, being reasons for which a new trial might have been granted, if they are at all available.

When the motion to strike out part of the complaint was overruled, the clerk's entry says the defendants excepted. This was at the October term, 1871, and on the third day of the term. No time was then given in which to file a bill of exceptions. A bill of exceptions is found in a subsequent part of the record, without anything to show when it was filed, or that it was ever filed, except that it is found in the record. " The party objecting to the decision must except at the time the decision is made, but time may be given to

reduce the exception to writing," etc. 2 G. & H. 229, sec. 343. We can not regard this bill of exceptions as properly in the record. The question is not presented without a bill of exceptions.

The demurrer to the complaint, as we have already said, was a joint demurrer to the first, second, third, and fourth causes assigned for contesting the will. Assuming, without deciding, that a party in such a case may demur to one or more of the grounds of contest, where there are several of them, still this is not such a demurrer. But as the demurrer is to the four specifications, if any one or more of them be good, the demurrer was properly overruled. Without further examination, we think there can be no question that the first ground of contest, that is, that the testator was of unsound mind, was sufficient. It follows that the court did not err in overruling the demurrer.

The reasons alleged why a new trial should have been granted are the following, viz.: 1st. The verdict is not sustained by sufficient evidence. 2d. It is contrary to law. 3d. Admitting evidence to go to the jury over the objection of the defendants, to which the defendants excepted at the time, because inadmissible, irrelevant, and improper, and as shown by exceptions. 4th. Refusing to admit evidence to the jury offered by the defendants on objections of the plaintiffs, to which the defendants excepted, as shown by exceptions. 5th. The court misdirected the jury in matters of law in the final instructions to the jury, as shown by exceptions of defendants thereto. 6th. Refusing to instruct the jury as asked by the defendants, as shown by exceptions. 7th. Refusing to strike out parts of plaintiffs' complaint. 8th. Overruling the defendants' demurrer to the complaint.

If there is a bill of exceptions in the record containing the evidence given on the trial, we can not see what part of the record it embraces and what it does not embrace. There is no formal or any other commencement to it that we can discover. The evidence which is in the record gets in in this form: On the 30th day of January, 1872, being the 18th day

of the term, this entry is made by the clerk : "Come again the parties by their attorneys aforesaid, and the jury aforesaid also comes, and the hearing of this cause being resumed, and the evidence being heard, the jury, under the instructions of the court, are permitted to separate until eight o'clock to-morrow morning. The plaintiffs gave to sustain issues in their behalf the following evidence." Then follows the evidence which is copied into the record, without any indication that this is the commencement of a bill of exceptions, or anything to distinguish it from the ordinary entries of the clerk. This entry is on page 13 of the transcript. On page 79, it is stated "and this was all the evidence in the case," and then follow the signature and seal of the judge. We can not regard this as a proper, sufficient, or legal bill of exceptions. *The Columbus, etc., Railway Co.* v. *Griffin*, 45 Ind. 369. When the motion for a new trial was overruled, which was on the 17th day of the term, sixty days were given in which to prepare, tender, and file the bill of exceptions. It appears to have been signed by the judge on the 3d day of February, 1872, but when it was filed is not shown by the transcript. The bill of exceptions attempting to reserve the questions regarding the improper admission and rejection of evidence, was signed by the judge, as appears at the bottom thereof, on the 2d day of February, 1872. But the date when it was filed does not appear. We have several times decided that, under the circumstances stated, the bill of exceptions can not be regarded as in the record. The rule is generally expressed by saying that when time is given beyond the term in which to file a bill of exceptions, the record must show that it was filed within the time. We think, under this rule, we can not hold that either of these bills of exception is properly in the record, or any part of them. It follows, therefore, that the first, second, third, and fourth reasons for a new trial cannot be considered.

The fifth reason relates to the instructions given by the court. These instructions occupy twenty-one pages in the transcript. They are not embraced in any bill of excep-

tions, nor are they signed by the judge. On several of the pages are written the words "given and excepted to," signed by the attorneys of the defendants. The statute expressly requires that "all instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." 2 G. & H. 198, sec. 324. It was with a view to this requirement, no doubt, that. it was provided by sec. 325, on the same page, that an exception might be taken to charges given by writing at the close of each instruction the words " given and excepted to," the party or his attorney signing the same. The requirement. that the instructions given by the court shall be signed, if complied with, identifies the instructions as those actually given by the court. The other mode of saving an excep-- tion to instructions given, which is by a bill of exceptions, was formerly the only mode. In that mode the instructions. are identified by being in the bill of exceptions which is. signed by the judge. In the new mode allowed by the code of practice, the signature of the judge to the instructions serves to identify them, as the signature to the bill of exceptions serves to identify them when they are set out in it. We think the instructions copied into the transcript as those. which were given by the court, for the reason that they are not signed by the judge, cannot be regarded as properly in. the record, or as presenting any question for our decision.. *Hersleb* v. *Moss*, 28 Ind. 354; *Wingate* v. *McNamar*, 28 Ind. 481; *Newby* v. *Warren*, 24 Ind. 161; *Allen* v. *Davison*, 16 Ind., 416; *The Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325.

The instructions asked and refused stand on a different ground. According to the case of *The Jeffersonville, etc.,* *Railroad Co.* v. *Cox, supra*, it is not necessary that instructions asked and refused shall be authenticated by the signature of the judge. But when they are signed by the party or his attorney, refused by the court, and noted as " refused and excepted to," signed by the party or his attorney, they become a part of the record without the sig-- nature of the judge. The instructions asked by the defend--

ants in this case are signed by the attorneys of the defendants, and some of them have on the margin the words "refused and excepted to," and the signature of the attorneys for the defendants. There are also words written on the margin of some of them to the effect that they were "refused because given in substance in other charges," but these memoranda are not signed by any one. Perhaps we can give no effect to such memoranda on this account. We are at liberty to presume, however, that the instructions asked were not applicable to the facts of the case, as disclosed by the evidence, as that is not in the record, and that they were refused for that reason, or that they were refused for any other reason, which under any supposable state of the case rendered their refusal proper; for we are to presume that the court did right in refusing the instructions, and the party complaining of the action of the court must show the existence of the error, of which they complain. Governed by this rule, we can not say that there was any error in refusing the instructions. *The Columbus, etc., Railway Co.* v. *Powell,* 40 Ind. 37, and cases cited; and *The Jeffersonville, etc., R. R. Co.* v. *Cox,* 37 Ind. 325.

The judgment is affirmed, with costs.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.