Sibbitt *v.* Stryker.

## SIBBITT *v.* STRYKER.

CONTRACT.—*Performance.*—Where, by the terms of a contract, a certain act is to be performed by one of the parties within a year from the making of such contract, for which he is to be compensated by the other party as soon as such act is performed, it may be performed at any time within the year, and the compensation immediately demanded and sued for without waiting the expiration of the year.

SAME.—*Practice.—Pleading.—Demurrer.—Motion to Make Certain.*—Where a good cause of action is stated indefinitely in the complaint, the remedy is by motion to make certain, and not by demurrer.

SAME.—*Inadequacy of Consideration.*—Mere inadequacy of consideration is not ground for refusing to perform or enforce a contract.

SAME.—*Supreme Court.— Weight of Evidence.*—Where there is evidence tending to support a verdict or finding, the Supreme Court will not disturb it on the mere weight of evidence.

SAME.—*Record.—Instructions to Jury.*—Where instructions given to a jury are neither signed by the judge nor embodied in a bill of exceptions, they form no part of the record on appeal to the Supreme Court.

From the Carroll Circuit Court.

*L. B. Sims* and *A. C. Downey*, for appellant.

*L. E. McReynolds*, for appellee.

NIBLACK, C. J.—This was a suit by Dennis Stryker against Richard Sibbitt.

The complaint alleged, in substance, that, on the 30th day of December, 1875, the parties entered into a verbal contract, by which the plaintiff agreed to execute a deed conveying certain lands in Darke county, Ohio, in which the plaintiff had an interest, to one Foreman, and deliver the same to the defendant for said Foreman, and also to make a trip to the State of Ohio and transact certain business for the defendant there, in consideration of which the defendant promised to pay the plaintiff seven hundred and fifty dollars; that the defendant paid the plaintiff ten dollars as earnest money to bind the contract; that the plaintiff procured his wife to join with him in executing a deed in due form to said Foreman, on the 13th day of January, 1876, and delivered the same to the defendant; that he made a trip to the State of Ohio, at his own expense; that he started on the 4th day of January, 1876, and returned on the 13th day of January, 1876; that he has performed all and singular the conditions of said contract on his part; that the defendant promised to pay him the said sum of seven hundred and fifty dollars on his return from Ohio, and the execution and delivery of said deed, but the defendant, although often requested, has failed and refused so to do, and still refuses to pay the same or any part thereof. And the plaintiff further avers that all the conditions of said contract were to be performed by the parties within one year from the time said contract was made by them. Wherefore, etc.

To this complaint a demurrer was filed by the defendant, and overruled by the court, but the demurrer is not in the record.

The defendant then answered in three paragraphs. The first was a general denial. The second admitted

the making of the promise, but denied that there was any consideration therefor. The third alleged, in substance, that, on the 8th day of February, 1860, for the price of $3,000, he purchased from the plaintiff certain real estate in Darke county, Ohio, which is described in this paragraph of the answer, which the plaintiff and his wife then conveyed to him; that, on the 10th day of February, 1873, the defendant sold and conveyed said lands to one Foreman; that, at the time of entering into the contract sued upon, the plaintiff, to induce the defendant to do so, falsely and fraudulently represented to the defendant, that, at the time of executing said former deed for said land, he was a minor, under the age of twenty-one years, and could so prove, and that the title of the defendant so received from plaintiff was worthless; that he intended to assert his right to said land; that the plaintiff then offered to make a conveyance to said Foreman for said land, and go to the State of Ohio and see that the title to said land would vest in said Foreman, if the defendant would pay him seven hundred and fifty dollars; that, at the time of entering into said contract, defendant was ignorant of the age of the plaintiff at the time of executing said former conveyance, but relying upon said statements of plaintiff, and believing them to be true, he was thereby induced to, and did enter into, said agreement, and make said promise and pay said sum of ten dollars; that there was no other consideration for said promise and payment; that the plaintiff, at the time of making the former conveyance, was over twenty-one years of age, and said representations were false and fraudulent, as the plaintiff well knew.

The reply was a general denial of the special paragraphs of the answer.

Upon a second trial by a jury there was a verdict for the plaintiff for seven hundred and forty dollars. A motion for a new trial having been made and overruled, the de-

fendant moved in arrest of the judgment, but that motion was also overruled, and a final judgment was rendered on the verdict.

In the argument but two questions are presented: the first as to the sufficiency of the complaint, and the second as to the correctness of the decision of the court in overruling the motion for a new trial.

As the demurrer to the complaint is not in the record, the alleged insufficiency of the complaint is only brought to our attention in connection with the motion in arrest of judgment.

Three objections are urged to the complaint: 1. That it showed on its face that the cause of action had not accrued when the suit was commenced; 2. That its allegations were fatally repugnant; 3. That it was bad on account of the uncertainty of its allegations.

1. It is argued, that, as the complaint stated that the contract sued on was made on the 30th day of December, 1875, and that "all the conditions of said contract were to be performed by the parties within one year from the time said contract was made," and that, as the suit was commenced on the 19th day of January, 1876, it is obvious that the suit was commenced before the alleged cause of action had accrued. But we think the allegations of the complaint, when taken together, ought to be construed to mean that the contract declared on might be performed *at any time* within one year after it was made, and that, as the complaint alleged that the plaintiff had, on the 13th day of January, 1876, performed and completed his part of the contract, it was sufficiently shown that a right of action had accrued to him under the contract when the suit was instituted.

2. It is also argued that, as it was alleged in the former part of the complaint that the money under the contract was to be paid to the plaintiff on his return from Ohio, and

in a subsequent part the contract was to be performed within one year, as above stated, there was a fatal repugnance between material allegations in the complaint.

But from the construction we have already given to the several allegations of the complaint, when taken together, we can not hold that any such fatal repugnancy was found to exist.

3. It is further argued that the complaint was bad for want of certainty in its averments, because it did not describe the lands to be conveyed, nor the interest in them which the plaintiff held and was to convey, nor the kind of deed which was to be made, nor the kind of business the plaintiff was to transact in Ohio, nor that he transacted any business aside from making the deed.

If the complaint was objectionable for want of certainty in any of the particulars indicated—a question we have not considered, and need not now—the proper remedy was for the defendant to have moved to have its allegations made more specific.

We see no objection to the sufficiency of the complaint, certainly none that was available on a motion in arrest of judgment.

It is contended that the evidence was not sufficient to sustain the verdict, and particularly as to the consideration upon which the contract sued on was alleged to have been made.

There was evidence tending to show that there was some apprehension, or supposed difficulty, concerning the title to certain lands in Darke county, Ohio, in the possession of Foreman, which the plaintiff had formerly owned and assumed to convey to the defendant, and which the defendant had afterward sold and conveyed to Foreman; that the plaintiff, at the request of the defendant, and under a contract similar to the one described in the complaint, went to Ohio, at his own expense, to see Foreman about the title

to these lands, and that while there was instrumental in having such a deed from him to Foreman for the lands in question prepared as was satisfactory to Foreman; that the plaintiff then returned home, and together with his wife executed the deed thus prepared and delivered it to the defendant. This evidence, therefore, tended to show a consideration for the alleged contract moving from the plaintiff, and the law will not inquire, as we need not do, whether it was an adequate consideration or not.

There was also evidence tending to sustain all the other material averments in the complaint.

Under these circumstances we can not disturb the verdict on account of any alleged insufficiency of the evidence to support it.

Some questions are made upon the instructions alleged to have been given by the court to the jury, but the papers before us, purporting to be the instructions referred to, are not included in the bill of exceptions, and were not signed by the judge. They are, therefore, not in the record, and consequently no question arises upon them in this court. 2 R. S. 1876, p. 168, sec. 324, clause 6; *Etter* v. *Armstrong,* 46 Ind. 197.

We see no cause for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.