## Anna M. Dennerline v. Catherine Gabb et al.

1. *Instructions on Court's Own Motion.*—Such instructions must be brought into the record by a bill of exceptions, or else be signed by the judge.

2. *Presumption as to Instructions.*—In the absence of the evidence, instructions will be presumed to have been properly given, unless they assert propositions of law which are erroneous in themselves.

Filed May 19, 1881.

Appeal from Dearborn Circuit Court.

McMullen & Downing, for appellant.

John A. Parks, for appellee, cited *Gardner* v. *Stover*, 43 Ind. 356, as to dismissing appeal for want of a brief by appellant; *State ex rel.* v. *Delano*, 34 Ind. 52, as to dismissing appeal for want of full names of parties in assignment of errors; 2 Greenleaf, Title Trespass, §§ 625, 626, as to proving ownership of real estate under a general denial in an action of trespass; also, 2 Davis p. 252, § 596, as to same point; 2 Davis, p. 168, §§ 325, 326, as to how a charge of the court must be evidenced on appeal, as also *Aurora, etc. Co.* v. *Johnson*, 46 Ind. 315; *Etter* v. *Armstrong*, 46 Ind. 197; *Patterson* v. *Indianapolis, etc. Co.*, 56 Ind. 20, on same point.

Opinion of the court by Mr. Justice Elliott.

The appellant asks a reversal upon the ground that the trial court gave the jury an erroneous instruction. The only ruling discussed in counsel's brief is that based upon the third instruction, which counsel say was given by the court upon its own motion.

What in form appear to be instructions are copied into the record, but they are not incorporated in a bill of exceptions, nor are they signed by the judge. Appellees insist that the instructions are not properly in the record. The appellees are right. It is settled that instructions given by the court upon its own motion must be signed by the judge, or brought into the record by a bill of exceptions. *Etter* v. *Armstrong*, 46 Ind. 197; *Jeffersonville, etc., Co.* v. *Cox*, 37 Ind. 325; *Sibbitt* v. *Stryker*, 62 Ind. 41.

If the instructions were in the record we could not consider the question argued by counsel for the reason that the evidence is not before us. In the absence of the evidence we must presume the instruction to have been properly given, for it asserts a proposition of law which is not in itself erroneous, but which upon a proper state of facts might be entirely relevant and proper.

Judgment affirmed.