## WALLACE v. GOFF.

### No. 7256.

PRACTICE.—*Instructions.*—*Bill of Exceptions.*—*Record.*—An instruction is properly in the record on appeal to the Supreme Court, where it was signed by the party or his attorneys, and the words " given and excepted to," written on the margin thereof and signed in like manner, without being made so by a bill of exceptions.

SAME.—*Modification of Instruction.*—*How made Part of Record.*—Where a modification of an instruction given to the jury trying a cause is not made part of the record either by a bill of exceptions or by an order of court, or by the words "modification given and excepted to," signed by the party or his attorney, such modified instruction is not properly a part of such record.

SAME.—*New Trial.*—*Supreme Court.*—Where error in giving or refusing instructions is not embraced in the motion for a new trial, as a cause therefor, it will not be considered by the Supreme Court, on appeal.

DEED.—*Consideration.*—*Parol Evidence.*—Parol evidence is admissible to show the actual consideration of a deed, though such consideration is different from that expressed in the deed.

From the Hamilton Circuit Court.

*D. Moss, J. Stafford* and *J. S. Losey,* for appellant.

*R. R. Stephenson,* for appellee.

HOWK, J.—In this case the appellee sued the appellant, before a justice of the peace of Hamilton county, upon an open account.

The appellant answered in three paragraphs, as follows :

1.   A general denial ;

2.   The cause of action did not accrue within six years before the commencement of this suit ; and,

3.   A set-off.

The trial of the cause before the justice resulted in a judgment for the appellee.

In the circuit court, the cause was tried by a jury, and a verdict was returned for the appellee, and judgment was rendered accordingly. The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, he has appealed from the judgment rendered to this court.

The only error assigned here by the appellant is the decision of the circuit court in overruling his motion for a new trial. Two questions, arising under this alleged error, are presented by the appellant's counsel in argument, for the decision of this court ; and these questions

we will consider and decide in the order in which counsel have discussed them.

1. The first point made by the appellant's counsel is, that the court erred in refusing to give the third instruction, as asked by the appellant, and in modifying said instruction. It is claimed, however, by appellee's attorney, that the third instruction, although copied into the record by the clerk, was not made a part of the record in any of the modes prescribed by the statute. We are inclined to think that the third instruction was properly made a part of the record; for it appears to have been signed by the appellant's attorneys, and on the margin of the instruction are the words, "Given and excepted to," also signed by the attorneys. It would seem that, under the provisions of section 324 of the code, the third instruction asked by the appellant was, therefore, a part of the record without being made so by a bill of exceptions. 2 R. S. 1876, p. 166; *The Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325.

But the appellant's counsel do not complain, as we understand them, of the third instruction, but rather of its modification by the court. It is clear, we think, that this modification of the instruction was not, nor was the instruction as modified, made a part of the record of this cause in any of the modes prescribed by the statute.

The alleged modification was not made a part of the record by a bill of exceptions, nor by an order of the court, nor do the technical words, "modification given and excepted to," signed by the appellant or his counsel, appear at the close or in the margin of either the modification or the modified instruction. *Patterson* v. *The Indianapolis, etc., Plank Road Co.*, 56 Ind. 20.

But, even if the modification or modified instruction were fairly in the record, the appellant is in no condition to complain of either, in this court, for the reason that,

in his motion for a new trial, he did not assign as cause therefor, that the court erred either in the modification or in giving the modified instructions. Of such an error, conceding it to be such, the appellant can not be heard to complain, for the first time in this court. The first point made by his counsel, therefore, is not properly saved and presented in the record before us, for our decision.

2. The second point made by counsel is, that "the court erred in permitting the plaintiff to prove by the testimony of W. J. Goff, over the objections of the appellant made at the time, a parol contemporaneous agreement contradicting and varying the written agreement between the appellant and appellee." The written agreement referred to was a deed of conveyance of certain real estate, by the appellant to the appellee; and the testimony of the appellee, objected to by the appellant, was offered and admitted for the purpose of showing that the actual consideration for the conveyance of said real estate was different from the consideration expressed in the deed. It is very clear, we think, that the court committed no error in the admission of this testimony. Parol evidence is admissible for the purpose of showing the actual consideration of a deed, although such consideration may be widely different from the consideration expressed in the deed. *Robinius* v. *Lister*, 30 Ind. 142; *McDill* v. *Gunn*, 43 Ind. 315; *Stearns* v. *Dubois*, 55 Ind. 257; and *Headrick* v. *Wisehart*, 57 Ind. 129.

The court did not err, we think, in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.