No. 5502.

## McCAMMACK ET AL. v. McCAMMACK ET AL.

PRACTICE.—*Pleading.*—*Motion to Strike Out.*—*Demurrer.*—Under the code, a motion to strike out will not perform the office of a demurrer in testing the sufficiency of a paragraph of answer.

SAME.—*New Trial.*—*Weight of Evidence.*—*Verdict.*—*Supreme Court.*—Where the verdict of the jury is against the party who has the burden of the issues, and the evidence is conflicting, the Supreme Court will not grant a new trial upon the mere weight or sufficiency of evidence.

McCammack *et al. v.* McCammack *et al.*

SAME.—*Instructions Asked and Refused.*—*Must be Signed by Party or Attorney.*
—Under the *fourth* clause of section 324 of the civil code of 1852 (section 533, R. S. 1881), when, at the conclusion of the evidence, either party desires special instructions to be given to the jury, such instructions must be reduced to writing, numbered and signed by such party or his attorney, and delivered to the court. If the instructions are not thus signed and are refused, the party asking them can not be heard to complain of such refusal in the Supreme Court.

SAME.—*Vague and Uncertain Causes for New Trial.*—*Reference to Bill of Exceptions not Signed or Filed.*—Where the written causes for a new trial are too vague, uncertain and imperfect to present any question for the decision of the trial court or of the Supreme Court, such causes can not be aided or perfected by reference therein to bills of exceptions not signed by the judge or filed as parts of the record at the time of the filing of such causes for a new trial.

SAME.—*Newly-Discovered Evidence.*—*Diligence.*—Where newly-discovered evidence is assigned as cause for a new trial, the affidavits filed therewith must show that the party could not, with reasonable diligence, have discovered and produced such evidence at the trial, or they will not be sufficient to sustain such cause for a new trial.

From the Putnam Circuit Court.

*S. Claypool, H. C. Newcomb, W. A. Ketcham, F. T. Brown* and *T. Hanna,* for appellants.

*D. E. Williamson* and *A. Daggy,* for appellees.

HOWK, J.—This suit was commenced on the 5th day of March, 1872, by the ancestors of the appellants against the appellees, to obtain a judgment of the court setting aside and declaring void a certain deed executed by one Thomas Mc-Cammack, the father of the plaintiffs and the defendants, to the appellee Robert McCammack. The deed in question was dated January 15th, 1868, and it conveyed one hundred acres of land, particularly described, in Putnam county, for a consideration as expressed in said deed of $2,000. In their complaint the plaintiffs alleged among other things, that no part of the consideration expressed in said deed was either paid or promised to be paid; that long before, and at the time of the execution of said deed, the grantor therein, Thomas McCammack, "was of unsound mind and incapable of understanding and comprehending the nature, purport and effect of said

deed of conveyance;" and that the execution of said deed was procured by the undue influence of the appellee Robert McCammack, the grantee therein, over the said grantor, Thomas McCammack. The cause was put at issue and tried by a jury in the lifetime of the plaintiffs, the appellants' ancestors, and a verdict was returned for the appellees, the defendants below, and the plaintiffs' motion for a new trial having been overruled, and their exception saved to this ruling, judgment was rendered against them for the appellees' costs on the 31st day of May, 1873.

On the 5th day of April, 1876, the appellants filed a transcript of the record of said cause in this court, and an assignment of errors, wherein they said that their ancestors, James McCammack, then deceased, and John McCammack, then deceased, " were the plaintiffs in this action below, and that the action resulted in a final judgment against the said plaintiffs before their death; that since said judgment the plaintiffs died, leaving these appellants as their only legal heirs and personal representatives; and now these appellants, as such heirs and personal representatives, appeal from said judgment, and, for error, assign the following errors:

"1st. Error of the court in overruling the motion of the plaintiffs below for a new trial;

"2d. Error of the court in overruling the plaintiffs' demurrer to the second paragraph of the answer;

"3d. Error in overruling motion to strike out said second paragraph."

In the second paragraph of his separate answer the appellee Robert McCammack said that it was true that his father was an aged man and to some extent illiterate, but that he was always industrious and very attentive to his business, and understood and managed the same with care and considerable ability; that during his latter days the father of said appellee lived with him, but that the plaintiffs always had access to his and their father; that their father preferred to and did live with said appellee, partly from choice and partly from the

fact that the plaintiff James, and others of his children, did not care to be troubled with him nor take care of him; that the said appellee had always worked for the old people, as well after as before marriage, and his father had always expressed the will and intention of repaying him for his care in that behalf; that his father, before his death, was afflicted with a cancerous affection of the face, which grew worse until his death; that some time prior to his death, for the purpose of securing that care and attention that his age and infirmities required, his father deeded to said appellee the land in controversy, expressing in the deed the nominal consideration of $2,000, but that, in fact, the real consideration was the labor and care theretofore given his father, as well as the care, attention and expense which the said appellee might incur in nursing, doctoring and taking care of his father up to his death, for the latter of which the appellee executed a bond to his father, a copy of which was filed with said paragraph; that the appellee faithfully kept and performed his part of said contract, and cared for and nursed his father, dressed his face, and gave him every attention that his situation called for up to the time of his death, and caused him to be decently buried according to his position in life; that the plaintiffs took no notice nor concern about their father or his property until after his death, and they then and since became solicitous and much concerned about his property; and the appellee averred that his father was in full possession of all his faculties, and that at the time he made said deed he knew as well what he intended to do, and did, as the said appellee; that his father was a man of stubborn self-will, and did nothing contrary to his own will; that he could not be influenced by any outside consideration or persuasion to that which was contrary to his own preconceived notions; that the deed was his own voluntary will, uninfluenced by any consideration other than that above expressed; and that his father gave his own directions to the officer, and arranged the whole matter about the deed,

without the influence or control of said appellee; and all other matters, not otherwise answered, were denied.

It is certain, we think, that the court committed no error in overruling the appellants' motion to strike out this second paragraph of answer. Under the code, it has often been decided by this court, that a motion to strike out will not perform the office of a demurrer in testing the sufficiency of the facts stated in a paragraph of answer, to constitute a defence to the action. *Port* v. *Williams*, 6 Ind. 219; *Clark* v. *Jeffersonville, etc., R. R. Co.*, 44 Ind. 248; *City of Elkhart* v. *Simonton*, 71 Ind. 7. The third supposed error, therefore, was not well assigned.

We are of the opinion that the facts stated in this second paragraph of answer were sufficient to withstand the plaintiffs' demurrer thereto for the want of facts. It is claimed by the appellants' counsel, as we understand them, that the paragraph was bad, because, while it purports to answer the entire complaint, it is in fact, as they insist, an answer only to the first paragraph of the complaint. We do not think, however, that the second paragraph of the answer is open to this objection. In its affirmative allegations the paragraph responds to all of the material averments in each paragraph of the complaint, and it then concludes with a denial of all matters in the complaint not otherwise answered. The second paragraph of answer was certainly an answer to all the allegations of both paragraphs of the complaint.

In their motion for a new trial the plaintiffs below assigned in substance the following causes therefor:

1. Because the verdict was contrary to law.

2. Because the verdict was not sustained by sufficient evidence, and was contrary to law and evidence.

3. Because a clear preponderance of the evidence was for the plaintiffs.

4. Because the court erred in refusing to give the jury instructions numbered from 1 to 10 inclusive, asked by the plaintiffs.

5. Because the court erred in giving the jury, of its own motion, instructions numbered from 1 to 14 inclusive.

6. Because the court erred in the admission of improper testimony, offered by the appellees, as shown by a bill of exceptions made a part of the record.

7. Because the court erred in the exclusion of proper and competent evidence, offered by the plaintiffs, as shown by a bill of exceptions made part of the record.

8. Because the court erred in refusing to compel the appellees to allow the plaintiffs an inspection of the original account kept by the appellee Robert McCammack, for his father, for use in the cross-examination of said appellee, as shown by bill of exceptions No. 4, made part of the record.

9. Because of error and irregularity of the court in refusing to allow the witness, Scott, to repeat his testimony, as shown by bill of exceptions No. 3; and,

10. Because of newly-discovered evidence.

We will consider and decide the several questions, arising under these causes for a new trial, in the same order in which the appellants' learned counsel have presented and discussed them in their elaborate brief of this case.

Under the first three causes assigned by the plaintiffs for a new trial, the only question presented relates to the sufficiency of the evidence to sustain the verdict. The evidence was conflicting, but it is not claimed by the appellants' counsel that there was no evidence adduced upon the trial in support of the verdict. All that is claimed by counsel is, that the verdict of the jury was not sustained by a fair preponderance of the evidence. The burden of the issues, both as to the alleged unsoundness of mind of the grantor in the deed sought to be set aside, and of the undue influence in the procurement of said deed, was upon the plaintiffs below. All the presumptions were against the plaintiffs, and it was incumbent on them to establish by positive evidence the alleged invalidity of the deed. Under these circumstances, it seems to us, we may well hold that the verdict was sustained by suffi-

cient legal evidence, and certainly we can not disturb the verdict upon the mere weight of the evidence. *Durrah* v. *Stillwell*, 59 Ind. 139.

The questions arising under the fourth and fifth causes for a new trial, which relate to the action of the court in refusing to give the jury certain instructions asked by the plaintiffs, and in giving of its own motion certain other instructions, may properly be considered together. In their brief of this cause, the appellants' counsel have wholly failed to point out any objection to any of the instructions given by the court of its own motion, either as to the law enunciated therein, or as to their applicability to the case made by the pleadings and evidence. It is claimed by counsel, however, that the court erred in its refusal to give the jury certain of the instructions asked for by the plaintiffs, because they were more specific than those given by the court of its own motion, and were not fully covered thereby. On the other hand, the appellees' counsel earnestly insist that the record fails to show that any instructions were asked for by the plaintiffs below, or that any such instructions had been made parts thereof, in any of the modes prescribed by law.

It seems to us that the point thus made by the appellees' counsel is well taken, and must be sustained. In the *fourth* clause of section 324 of the code it is provided that "When the evidence is concluded, and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking the same, and delivered to the court." 2 R. S. 1876, p. 166. In section 325 of the code it is provided that "A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, 'refused and excepted to,' or 'given and excepted to,' which shall be signed by the party or his attorney."

The plaintiffs below did not make, nor attempt to make, the instructions asked by them and refused by the court a

part of the record of this cause by filing "a formal bill of exceptions." In the transcript, however, the clerk of the court below has stated " that during the trial of the foregoing entitled cause the plaintiffs asked the court to instruct the jury as follows, to wit: which said instructions were, at the time they were asked and refused, filed with the instructions given by the court, and were filed May 23d, 1873." This statement of the clerk is followed by the title of this cause, and by copies of certain writings which we may assume to be the instructions referred to by the clerk as having been asked for by the plaintiffs and refused. Each one of these copies is followed by the phrase mentioned in said section 325 of the code above quoted, " *refused and excepted to,*" signed by the plaintiffs' attorneys. But the record wholly fails to show that the instructions under consideration were signed by the plaintiffs or by their attorneys, at the time they were asked for " and delivered to the court." Under the provisions of the code, as construed in and by the decisions of this court, it may be regarded as settled, we think, that when special instructions to the jury are asked for, they must be " signed by the party or his attorney asking the same, and delivered to the court;" and that, if not thus signed, the party asking such instructions can not be heard to complain of the court's refusal to give them. Busk. Prac. 105; *Jeffersonville, etc., R. R. Co.* v. *Cox,* 37 Ind. 325; *Etter* v. *Armstrong,* 46 Ind. 197; *Stott* v. *Smith,* 70 Ind. 298; *Wallace* v. *Goff,* 71 Ind. 292.

For aught that appears in the record to the contrary, it may well have been that the court refused to give the jury the instructions asked for by the plaintiffs, because they were not signed by them or their attorneys at the time of their delivery to the court. But, be this as it may, it is certain, we think, that the instructions asked for were not made parts of the record in any of the modes prescribed by law, and that, for this reason, no question is presented thereby for the decision of this court.

The sixth, seventh, eighth and ninth causes for a new trial

assigned by the plaintiffs below in their motion therefor, were and are too vague, uncertain and imperfect to present any question for the decision either of the trial court or of this court. In each of these causes for a new trial reference was made to matters alleged to be shown by certain bills of exceptions, which were said to be parts of the record of this cause. It is apparent, however, from the transcript before us, that the bills of exceptions, thus referred to in these causes for a new trial, were not in existence at the time the motion for such new trial was filed, and were not filed as parts of the record, nor signed by the judge of the court, until nearly two months after the filing of such motion. It is settled by the decisions of this court, that such vague and uncertain causes for a new trial can not be aided nor perfected by reference to bills of exceptions which were not in existence when the causes were filed, but were afterwards filed as parts of the record. *Worthington* v. *Brown,* 48 Ind. 152; *Cobble* v. *Tomlinson,* 50 Ind. 550; *Sutherland* v. *Hankins,* 56 Ind. 343.

The tenth cause for a new trial was newly-discovered evidence. This is one of the causes which, under the code, "must be sustained by affidavit showing their truth." The tenth cause for a new trial reads as follows: "Because of newly-discovered evidence, material for the plaintiff, which he could not, with reasonable diligence, have discovered and produced at the trial, and which he has discovered since the rendition of the verdict herein, and which more fully appears by affidavits filed herein in support of this cause."

It will be observed that the names of the persons whose affidavits were filed were not given in the cause for a new trial, nor was it stated therein that the affidavits were filed therewith. Immediately preceding the entry of judgment, the motion for a new trial, not accompanied by any affidavits, was copied into the record. Nearly two months after the entry of judgment a bill of exceptions was signed and filed, containing again the motion for a new trial, with the date of its filing, followed by the statement that, " in support of the rea-

sons for a new trial, the plaintiffs introduced in evidence the following affidavits," and then follow two affidavits. The record nowhere shows the date of the filing of these affidavits, nor that they were ever filed. The sufficiency of the tenth cause, therefore, might well be doubted.

But, waiving this point, it seem clear to us that the affidavits in question were not sufficient to sustain the tenth cause for a new trial. They fail to show that the plaintiffs could not, with reasonable diligence, have discovered and produced at the trial the alleged newly-discovered evidence. Indeed, we think the affidavits do show that, by the exercise of ordinary diligence, the evidence in question could have been easily discovered, and, as to its production, the witness who was to give the evidence was present and testified at the trial.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.