Behymer v. The State.

## No. 11,432.

## BEHYMER v. THE STATE.

CRIMINAL LAW.—*Assault with Felonious Intent.*—*Instruction.*—Upon an indictment for assault and battery with intent to commit murder, there may be conviction of assault and battery with intent to commit murder in the second degree, or voluntary manslaughter, or there may be a conviction for an assault and battery only, and to instruct that if no felonious intent be proven, conviction may be of *such* assault and battery if the evidence warrants it, can not mislead the jury.

INSTRUCTIONS.—That an instruction is not more specific, is no valid objection to it if it contain a correct general statement of the law.

SAME.—*Exceptions.*—*Practice.*—An exception to an instruction taken under section 535, R. S. 1881, which is not dated, presents no question in the Supreme Court.

SAME.—*Self-Defence.*—*Modifying Instructions.*—An instruction was asked to the effect that a party assailed may take life to avoid *very considerable* bodily harm. The court modified this by the use of the word "great" instead of "very considerable."

*Held,* no error.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ZOLLARS, J.—Appellant was convicted and sentenced to two years' imprisonment in the State's prison, upon a charge of assault and battery with intent to kill the prosecuting witness. A reversal of the judgment is sought upon the insufficiency of the evidence, and the giving and refusing of instructions.

It should not be understood from the rule and rulings of this court, which forbid the reversal of judgments on the weight of the evidence, that the court does not examine the evidence. In every case where a question is made which requires a reference to the evidence, or where a question is made upon the evidence, it is carefully examined. This is necessary to enable us to say that the evidence does, or does not, tend to sustain the verdict. When, from such examination, it is ascertained that the evidence does thus tend, the rule applies, and the judgment will not be reversed.

Behymer v. The State.

The reason of the rule need not be repeated to the experienced counsel conducting this appeal. In the case in hearing we have examined the evidence carefully, and can not, under the rule, reverse the judgment for the want of sufficient evidence.

The substance of the fourth instruction given by the court is, that the felonious intent must be proved beyond a reasonable doubt; that it may be inferred from the facts and circumstances of the case, if the circumstances relied upon are proved beyond a reasonable doubt, necessarily warrant such inference, and are not capable of any reasonable explanation consistent with appellant's innocence.

The objection urged against this instruction is, that it does not more specifically inform the jury as to what circumstances should be considered. As against appellant, the instruction contains no erroneous statement of the law. As to whether or not it was erroneous as against the State, see *Wade* v. *State*, 71 Ind. 535; *Garfield* v. *State*, 74 Ind. 60.

If appellant desired a more specific instruction, he should have prepared one and requested the court to give it. *Powers* v. *State*, 87 Ind. 144, and cases cited.

The seventh instruction by the court, of which complaint is made, is as follows: "The defendant is charged with assault and battery with intent to commit a felony. If all the evidence in the case, taken together, does not prove such felonious intention beyond a reasonable doubt, you may consider whether the defendant has been proven guilty of such assault and battery beyond a reasonable doubt. Assault and battery is defined as follows, to wit: Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery."

The objection urged against this instruction is, that it was calculated to mislead and confuse the jury by the use of the word "such," in connection with the words "assault and battery," and does not contain the further charge, that, in the absence of the felonious intent, there might be a conviction of an assault and battery, if warranted by the proof.

We do not think this objection well taken.   This instruction should be considered in connection with the tenth, given by the court.   In this the jury were instructed as to the statutory penalty, if they found appellant guilty of assault and battery with intent to commit the felony, and as to the statutory penalty, if they should convict him of assault and battery.   From these instructions the jury could, and doubtless did, readily understand that they might convict appellant of a simple assault and battery, and inflict the penalty prescribed for that offence.   There was nothing in the use of the word " such," we think, to either mislead or confound the jury.   As used in the instruction, " such assault and battery" very plainly meant the assault and battery, without the felonious intent.

Appellant asked the court to instruct the jury that an assailed party may defend himself, and take the life of his assailant, if an attack is made upon him with an intent to do him " very considerable " bodily harm.   The court refused the instruction as asked, but gave it with the word " great," instead of " very considerable."   The court did not err in refusing the instruction as asked, nor in making the modification. McDermott v. State, 89 Ind. 187, and cases cited.

No exception was properly saved to the refusal to give the ninth instruction,   An effort was made to save the exception in the mode prescribed in- the civil code.   Whether an instruction, and an exception to the refusal of it, can be brought into the record in a criminal case, in the mode prescribed in the civil code, we do not now decide.   In this instance, the requirement of that code was not complied with.   There is an exception upon the margin of the instruction, signed by the judge, but it is not dated, as required by section 535, R. S. 1881.   Under this section, the date is quite as material as the signature of the judge, *first*, because they are both required by the statute; and, *second*, because it is the date that shows when the exception was taken.   It takes the place of the statement in a bill of exceptions, that the exception was taken at the time.   There is no exception to this refusal saved

in the bill of exceptions, as counsel for appellant seem to think, nor is the instruction set out in the bill. Upon a relative question, see *McCammack* v. *McCammack*, 86 Ind. 387.

It is further contended, that the court below erred in instructing the jury, that, under the charge of assault and battery with intent to commit murder, appellant might be convicted of an assault and battery with intent to commit murder in the second degree, or voluntary manslaughter, or of an assault and battery alone, if warranted by the evidence. Counsel admit that the cases of *Gillespie* v. *State*, 9 Ind. 380, and *State* v. *Throckmorton*, 53 Ind. 354, support the instruction, and ask that these cases be overruled. These cases have become the settled law of the State. They have been frequently cited and approved. The same doctrine has been reasserted in later cases. See *State* v. *Hattabough*, 66 Ind. 223; *State* v. *Murphy*, 21 Ind. 441; *Powers* v. *State, supra*.

The second instruction asked by appellant, and refused by the court, is as follows: "The defendant can only be convicted upon proof that he did, without excuse, commit the assault and battery upon the said Richardson, with the felonious intent to take his life."

Without noticing other objections urged by counsel for the State, it is sufficient to say that the instruction is erroneous, because it amounts to a direction to the jury that, unless the proof showed the appellant to have committed the assault and battery with intent to kill, he should be acquitted. As we have seen, the law is settled in this State, that under the charge preferred against appellant, he might have been acquitted of the felonious intent, and convicted of an assault and battery.

As we find no available error in the record, the judgment is affirmed with costs.

Filed Feb. 21, 1884. Petition for a rehearing overruled April 25, 1884.