Childress, Administratrix, *v.* Callender *et al.*

No. 12,684.

CHILDRESS, ADMINISTRATRIX, *v.* CALLENDER ET AL.

INSTRUCTIONS TO JURY.—*Memorandum of Exception to.--Signing by Judge.— Filing.*—Under sections 533 and 535, R. S. 1881, to make instructions given or refused a part of the record, the words "given and excepted to," or "refused and excepted to," must be written on the margin or at the close of each instruction, which memorandum must be signed by the judge, and dated, and the instructions filed.

From the Knox Circuit Court.

*O. F. Baker, E. B. Green* and *J. S. Pritchett,* for appellant.
*G. G. Reily* and *W. C. Niblack,* for appellees.

HOWK, J.—In their brief of this cause, appellant's counsel say: "This cause is here, purely, upon the instructions given and refused. It is conceded by appellant, as a matter of law, that if the instructions complained of are right, under any conceivable state of evidence, her error assigned is not available; and, as a matter of fact, that the evidence fully warranted each instruction, if it correctly states the law. She claims that the state of evidence, upon which these instructions were predicated, did as a matter of law demand that the instructions, asked by her and refused by the court, should have been given."

The point is made by appellees' counsel, however, and seems to be well made, that neither the instructions given, nor those asked for by appellant and refused by the court, were made parts of the record of this cause in such manner as that they can be considered here, or in any mode known to our law. They were not made a part of the record either by a bill of exceptions, or by an order of court. In section 535, R. S. 1881, which supersedes and takes the place of section 325 of the civil code of 1852, it is provided as follows: "A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write on the margin, or at the close of each instruction, 'refused, and excepted

to,' or 'given, and excepted to'; which memorandum shall be signed by the judge, and dated."

We have said that the section quoted superseded and took the place of section 325 of our first civil code. The latter section provided an exceptional mode for making the instructions of the trial court a part of the record, on an appeal to this court, without embodying such instructions, as our practice had previously required, in a "formal bill of exceptions." By that section, "the party or his attorney" could make the instructions a part of the record, of his own motion and without the action or sanction of the court or judge, by writing on the margin or at·the close of each instruction "refused and excepted to," or "given and excepted to," and by signing such memorandum. So the law remained from the 6th day of May, 1853, without amendment or repeal, until the taking effect of section 535, above quoted, on the 19th day of September, 1881, or for more than twenty-eight years. During those years, the provisions of the old section were often the subject here of comment and construction; and it was uniformly held that, where it was sought to make instructions a part of the record in the mode prescribed in that section, and without a formal bill of exceptions, the requirements of the statute must be strictly complied with. *Manhattan Life Ins. Co.* v. *Doll*, 80 Ind. 113; *O'Donald* ·v. *Constant*, 82 Ind. 212; *McCammack* v. *McCammack*, 86 Ind. 387.

Section 535, above quoted, which has been in force since September 19th, 1881, is a literal re-enactment of section 325 of our first civil code, except in this, that "the party or his attorney" is no longer authorized to make the instructions, given or refused, a part of the record on an appeal to this court, by signing the statutory memorandum therein mentioned, but it is now provided in such section 535, that such "memorandum shall be signed by the judge, and dated." The adoption and taking effect of such section 535 was, of course, a virtual repeal of so much of section 325 of the old civil code

as was not re-enacted in the later section, and effected a radi-
cal and, we think, a wise change in our civil practice. There-
after the memorandum, mentioned in such section, was to be
" signed by the judge, and dated ; " and where, as in this case,
.such memorandum was signed by the attorneys of the party
excepting, and not by the judge, it is very clear that the in-
structions were not thereby made a part of the record on an
appeal to this court.    At the close of each instruction given
by the court, in the case under consideration, there appears
the statutory memorandum " given and excepted to," which
is not signed by the judge, and is without date, but, in each
instance, it was signed by appellant's attorneys.    It needs no
argument, we think, to show that the signature of the party
or his attorney to the statutory memorandum will no longer
operate to make the instruction excepted to a part of the rec-
ord, but that, to that end, such memorandum must now " be
signed by the judge, and dated." In *Behymer* v. *State*, 95 Ind.
140, after citing section 535, above quoted, it is well said :
" Under this section, the date is quite as material as the sig-
nature of the judge, *first*, because they are both required
by the statute ; and, *second*, because it is the date that shows
when the exception was taken.    It takes the place of the
statement in a bill of exceptions, that the exception was taken
at the time."

The instruction asked by appellant, and refused by the
court, although the memorandum, " refused and excepted to,"
at the close of such instruction, appears to have been " signed
by the judge, and dated," is not properly a part of the record
of this cause, and can not be considered here.    In section
533, R. S. 1881, which is substantially a re-enactment of sec-
tion 324 of the civil code of 1852, it is provided as follows :
"All instructions given by the court must be signed by the
judge, and filed, together with those asked for by the parties,
as a part of the record." In construing this statutory pro-
vision, it has been uniformly held, that, in order to save any
question for our decision in reference to the giving or refusal.

of instructions, it must be shown, in some manner, that such instructions were filed "as a part of the record." *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110; *O'Donald* v. *Constant, supra; Elliott* v. *Russell,* 92 Ind. 526; *Olds* v. *Deckman,* 98 Ind. 162; *Landwerlen* v. *Wheeler,* 106 Ind. 523.

In the case in hand the record fails to show by any memorandum, recital or file-mark, that any instructions, either those given or those asked for and refused, were ever filed in the court below. It follows, therefore, that the errors of the trial court, of which, appellant's counsel complain, are not so saved in the record of this cause as to present any question for our decision.

The judgment is affirmed, with costs.

Filed Dec. 8, 1886.