Roose v. Roose et al.

<hr>

ROOSE v. ROOSE ET AL.

[No. 17,954.    Filed May 26, 1896.]

APPELLATE PROCEDURE.—*Bill of Exceptions.—Instructions.—Statute Construed.*—Where in accordance with section 544, Burns' R. S. 1894, it is sought to make instructions a part of the record without bill of exceptions, the memoranda on the margin, "given and excepted [signed] W. D. Wilson," and "Given, [signed] W. D. Wilson," and a statement following at the close of certain instructions, that "to the giving of each of the above instructions severally, plaintiff at the time excepted," are insufficient to reserve the exceptions.

SAME.—*Bill of Exceptions.—Evidence.*—Where error is predicated upon an alleged error in excluding certain evidence, the ruling of the court must be verified by bill of exceptions.

TRIAL.—*Argument to Jury.—Misconduct of Attorney.*—A reversal for misconduct of counsel in argument to jury, will be ordered by the supreme court only where the improper statements of counsel are of such material character as it appears to be probable that they were the means of securing a wrong verdict.

SAME.—*Misconduct of Juror.—New Trial.*—Where the alleged misconduct of a juror is made a cause for new trial, and the evidence in reference to such charge is conflicting, the decision of the trial court thereon will not be reviewed on appeal.

From the Elkhart Circuit Court.   *Affirmed.*

*Dodge & Hubbell,* for appellant.

*Baker & Miller,* for appellees.

JORDAN, J.—This was an action, commenced by the appellant, to contest the will of John M. Roose, deceased. The grounds of contest were that the will had been unduly executed and that the testator, at the time of the execution thereof, was of unsound mind. A trial resulted in a verdict by the jury in favor of the appellees, and over appellant's motion for a new trial, judgment was rendered upon the verdict. The evidence is not in the record, and the alleged errors of which the appellant complains, arise, in part, out of the action of the court in giving to the jury, at the request of appellees, instructions number one and six, and also in giving certain others on its own motion.

We cannot consider the objections urged by the learned counsel for the appellant, against the several instructions mentioned, for the reason, that no exception was reserved to the giving thereof by the court, in accordance with the requirements of section 544, Burns' R. S. 1894, and section 535, R. S. 1881, wherein it is provided that "a party excepting to the giving of instructions, on the refusal thereof, shall not be required to file a formal bill of exceptions," but it shall

be sufficient to write on the margin, or at the close of each instruction "refused and excepted to," or "given and excepted to," which memorandum shall be signed by the judge and dated." On the margin, at instruction number one, given at the request of the appellees, we find the following: "Given and excepted. (Signed) H. D. Wilson." At number six the following: "Given. (Signed) H. D. Wilson." It will be seen that neither of these memoranda is dated as the code requires, and the latter one does not disclose that an exception was taken to the action of the court in giving it· to the jury.

In the case of *Behymer* v. *State*, 95 Ind. 140, in considering this section of the code, on page 142 of the opinion, it is said: "Under this section, the date is quite as material as the signature of the judge, *first*, because they are both required by the statute; and, *second*, because it is the date that shows when the exception was taken. It takes the place of the statement in a bill of exceptions, that the exception was taken at the time."

In *Childress, Admx.*, v. *Callender*, 108 Ind. 394, the rule upon this question, as affirmed in *Behymer* v. *State*, *supra*, was approved. For the reason that the statutory memorandum to instruction number one in question is not dated, the exception is not properly reserved for the decision of this court. There is neither an exception nor date noted to the sixth instruction, and hence for this omission no error can be predicated upon it. The instructions given by the court are all open to the same objection. The only statement to show that exceptions were taken to the latter, is the following at the close thereof:

"To the giving of each of the above instructions severally plaintiff, at the time, duly execpted." This was not in compliance with the requirements of the

Roose *v.* Roose *et al.*

section of the code to which we have referred, so as to be available, to the complaining party. The exception must be noted, either on the margin or at the close of each instruction, which written notation must be dated and signed by the trial judge. This the statute requires in plain imperative terms not open to construction.

Appellant next complains of the alleged misconduct of one of the attorneys for appellee, in his argument to the jury. In the progress of his argument Mr. Miller, the attorney in question, said: "This will should be upheld for many reasons. It has been my experience that when estates are settled under the statute, after the death of a person, many dishonest claims are allowed and collected against estates of a deceased person." To this the appellant objected, which was overruled, and the judge said, in the presence of the jury, "that the statement made by the attorney was harmless, and that he did not see that it was outside of permissible argument." Counsel, continuing, said: "The jury need not consider my experience, but unjust claims have been allowed and paid by estates, and John M. Roose had the right, in making his will, to have a provision therein for the purpose of preventing persons from receiving unjust accounts claimed by them." The will is not in the record, and therefore we are not apprised as to what its provision was relative to unjust claims referred to by counsel in his argument, and which provision apparently seems to have been the cause for the statement made by the attorney; hence it does not appear from the record that the argument was outside of the evidence. The further statement, as to the experience of counsel in regard to the allowance of unjust claims against estates, even if improper, we do not regard as material. It is only where the improper statements

of counsel are of such material character, as it appears to be probable, that they were the means of securing a wrong verdict that a reversal will be ordered by this court. *Buscher* v. *Scully*, 107 Ind. 246, and cases there cited.

Appellant contends that a new trial ought to have been granted for the reason of misconduct charged against a juror, one L. G. Brooks. The misconduct imputed to this juror consisted of a general statement said to have been made by him some time prior to the trial, in substance, as follows: "That if he ever sat upon a jury to contest a will he would not agree to a verdict to set it aside no matter what the evidence in the case might be." Affidavits were filed in support of this ground for a new trial. A counter-affidavit of this juror was also filed, in which he emphatically denied that he had at any time made the alleged statement.

It is no longer an open question in this State that where the evidence introduced upon a reason for a new trial is conflicting, the decision of the trial court thereon will not be reviewed upon an appeal. *DeHart* v. *Aper*, 107 Ind. 460, and cases there cited.

The next and only remaining contention is that predicated upon the ruling of the court, in refusing to permit John M. Roose to testify on behalf of appellant, in rebuttal of evidence given by Wilson Roose. This ruling of the court is not verified by a bill of exceptions, and therefore cannot be considered.

Finding no available error in the record, the judgment is affirmed.