SIMPSON v. SHERWIN-WILLIAMS COMPANY ET AL.

[No. 12,673. Filed April 6, 1927.]

1. FRAUDULENT CONVEYANCES.—*Answer in creditor's action under Bulk Sales Law pleading estoppel by conduct inducing belief that plaintiff looked to debtor only, held insufficient.*— A retail merchant sold his stock of goods without making an inventory of the stock and a list of his creditors and they were not notified of the sale, as required by the Bulk Sales Law (§§8052-8054 Burns 1926). In a creditor's action against the debtor and the purchaser, the defendants filed answers of estoppel asserting that plaintiff's conduct after the sale was such as induced the belief that it was looking to the debtor only for payment. *Held* insufficient for not alleging that the amount sought to be recovered, together with the amount due other creditors, did not exceed the value of the goods received. p. 61.

2. TRIAL.—*Exceptions to instructions by indorsements on margin must be dated as well as signed by the judge.*—Exceptions to instructions by written indorsements on the margins of the instructions as provided by §585 Burns 1926, though signed by the trial judge, are not a sufficient compliance with the statute if such indorsements are not dated. p. 61.

From Miami Circuit Court; *Hurd J. Hurst,* Judge.

Action by the Sherwin-Williams Company against William C. Buhler and Emmett Simpson asking judgment against the former and that the latter be declared a receiver of a stock of goods purchased of the former. *Affirmed.* By the court in banc.

*R. J. Wildman,* for appellant.

*H. K. Cuthbertson,* for appellees.

REMY, J.—Appellee Buhler, being the owner of a stock of merchandise and storeroom fixtures located in a storeroom in the town of Deedsville, sold the same to Emmett Simpson, appellant herein, without inventory, and without notice to creditors, as required by the Bulk Sales Act (Acts 1909 p. 122, §§8052-8054 Burns 1926). At the time of the sale, Buhler was indebted to appellee Sherwin-Williams Company in the sum of $386.40, on account of merchandise previously purchased for the store. A few days after the sale, Buhler paid $100.97 on the account, and gave his two promissory notes due respectively thirty and sixty days after date, for the balance. The notes were not paid when due, and Sherwin-Williams Company commenced this action against Buhler and appellant asking a personal judgment against Buhler for the amount of the notes, and that, in accordance with the provisions of the Bulk Sales Act, appellant, as purchaser of the goods and fixtures, be declared receiver, and held accountable to plaintiff. To the complaint defendants answered in four paragraphs; the first a denial, the second a plea of payment, and the third and fourth in the nature of estoppel. Demurrers for want of facts having been sustained to the third and fourth paragraphs, a trial resulted in a verdict and judgment for plaintiff. Buhler abided the judgment, and is named as an appellee by Simpson who prosecutes this appeal.

It is contended that the court erred in holding that

the third and fourth paragraphs of answer are each insufficient to withstand demurrer. The contention is without merit. In each paragraph, facts are averred to show that at and subsequent to the time of the sale, plaintiff by its acts and conduct had caused defendants to believe that the plaintiff was looking solely to Buhler for payment, and so believing, they had prepared no inventory, and new goods had been purchased by appellant, which had been so intermingled with the old stock that they could not now be distinguished and separated; by reason of which the Sherwin-Williams Company, as plaintiff, is estopped from prosecuting an action under the Bulk Sales Act. It is not alleged in either of the paragraphs that the amount sought to be recovered by the Sherwin-Williams Company is in excess of the value of the goods received by appellant from Buhler. Unless the amount which could be recovered by plaintiff under its complaint is greater than the value of the goods purchased from Buhler, appellant could not have been damaged. It follows that the court did not err in its ruling on the demurrers.

Error is predicated upon the action of the court in the giving and refusing of certain instructions. It is urged by appellee that the objections to the court's rulings as to instructions cannot be considered, for the reason that the exceptions are not shown by the record. The method followed by appellant in his effort to reserve exceptions was to have the action of the court shown by a memorandum of the trial judge on the margin of each instruction, as required by §378 of the Code, (§585 Burns 1926), which provides: "A party excepting to the giving of instructions, or to the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write on the margin, or at the close of each instruc-

tion, 'refused and excepted to' or 'given and excepted to'; which memorandum shall be signed by the judge and dated." On the margin of each instruction, the record shows a memorandum signed by the judge, the memorandum being in the words and form provided by the statute except that no date is given. That is not sufficient. The exact question presented by the record in this case was before the Supreme Court in *Malott* v. *Hawkins* (1902), 159 Ind. 127, 63 N. E. 308, and in an opinion by Gillett, J., it was held that an exception to an instruction by written indorsement on the margin, though signed by the trial judge, is not a sufficient compliance with the statute if it is not dated. See, also, *Roose* v. *Roose* (1896), 145 Ind. 162, 44 N. E. 1.

Moreover, it appears from an examination of the record that the merits of the cause have been fairly tried, and determined, and that substantial justice between the parties has been attained.

Affirmed.